[Civ. No. 24510. Second Dist., Div. One. July 29, 1960.]

KATHRYN MEIER, Appellant, v. DONALD Q. HECKEL,
M. D., et al., Respondents.

Kathryn Meier, in pro. per., for Appellant.

John C. Allen and Bruce J. Bonne for Respondents.

FOURT, J.—This appeal is from the judgment entered after the trial court sustained a demurrer without leave to amend.

Respondents have also filed a motion to dismiss the appeal and such motion must be disposed of prior to any determination on the merits.

The single question before this court on the motion to dismiss the appeal is whether the notice of appeal was timely made so as to vest jurisdiction in this court.

The chronology of events which occurred in 1959 is as follows:

On *June 23,* a judgment for defendants (after order sustaining demurrer without leave to amend) was entered.

On *July 13* (i.e., 20 days after entry of judgment), a notice of motion to vacate the judgment was filed. The motion to be heard on July 27.

On *July 27* (i.e., 34 days after entry of judgment), a minute order denying the motion to vacate the judgment was entered. The motion of plaintiff for an order of continuance and permission to file an amended complaint was also denied.

On *July 28* (i.e., 35 days after entry of judgment), a notice of motion for rehearing of motions for setting aside and vacating judgment and continuance and permission to amend complaint was filed. The motion to be heard on August 4.

On *August 4* (i.e., 42 days after entry of judgment), a minute order which, among other things, again denied the motion of plaintiff to vacate and set aside the judgment was entered. The motion for a rehearing was granted; and the motion for a continuance and permission to file an amended complaint within 30 days from date was granted.

On *September 3* (i.e., 72 days after entry of judgment), a notice of motion of rehearing of motion for setting aside and vacating judgment was filed. The motion to be heard on September 21.

On *September 28* (i.e., 97 days after entry of judgment), a minute order denying the motion for order setting aside and vacating the judgment was entered.

On *October 13* (i.e., 112 days after entry of judgment), a notice of motion for setting aside and vacating the judgment etc. was filed. The motion to be heard on October 27.

On *October 27* (i.e., 126 days after entry of judgment), a minute order denying the motion to set aside and vacate the judgment was entered. Also, the motion for a continuance and permission to amend the complaint was denied.

On *November 4* (i.e., 134 days after entry of judgment), the notice of appeal was filed.

Rule 2 of the Rules on Appeal provides in pertinent part as follows:

"(a) [Normal time] Except as otherwise specifically pro-

vided by law, notice of appeal shall be filed within 60 days from the date of entry of the judgment, unless the time is extended as provided in Rule 3.

"(b) [What constitutes entry] For the purposes of this rule: (1) The date of entry of a judgment shall be the date of its entry in the judgment book. . . ."

Rule 3 of the Rules on Appeal provides in pertinent part:
". . .

"(b) [Motion to vacate] When a motion to vacate a judgment . . . is made by any party on any ground within 60 days after entry of judgment, (1) *if the motion is denied . . . the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or 150 days after entry of the judgment, whichever shall be less*; . . ." (Emphasis added.)

Appellant contends that her notice of appeal is within the provisions of rule 3(b) and therefore is timely.

■ Rule 2(a) (i.e., 60-day rule) is applied unless the party can come within one of the exceptions. Rule 3 specifically constitutes one of the exceptions. ■ A condition precedent to the availability of rule 3(b) is that the motion to vacate be timely. An examination of the chronology of events indicates that the motions filed July 13 and July 28 were timely made (i.e., within 60 days from date of entry of judgment). The motions of September 3 and October 13 were not timely made (i.e., the former 72 days and the latter 112 days after entry of judgment, therefore clearly not within the purview of rule 3(b)).

Since the latter two motions do not come within the purview of rule 3(b), the answer to the question as to whether the notice of appeal is timely must be ascertained from a computation of time based upon the motions which were timely filed. A motion to vacate a judgment which is filed later than 60 days following entry of judgment is ineffectual to extend the time within which notice of appeal can be filed. (*Arthur* v. *City of Los Angeles,* 144 Cal.App.2d 545 [301 P.2d 286]; *Socol* v. *King,* 34 Cal.2d 292 [209 P.2d 577].)

The last timely filed motion was filed July 28. The minute order denying the aforesaid motion was entered August 4. Under the express provisions of rule 3(b), the time for filing the notice of appeal from the judgment is extended either 30 days after entry of the order denying the motion or 150 days after entry of judgment "whichever shall be less."

Thirty (30) days after entry of order would fall on September 3; 150 days after entry of judgment would fall on November 20.

Clearly, September 3 is "less" than November 20, and therefore it must be used as the basis for determination of the question.

 The time to file notice of appeal is jurisdictional. As stated in *Estate of Welch,* 146 Cal.App.2d 534 [304 P.2d 57], at page 538:

"The requirement as to the time for taking an appeal is mandatory, and a reviewing court is without jurisdiction to consider an appeal which has been taken after the expiration of the statutory period."

The conclusion which we have reached makes it unnecessary to pass upon the merits of the controversy.

The appeal from the judgment is dismissed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 20, 1960.