[No. B217088. Second Dist., Div. One. Dec. 12, 2011.]

STARPOINT PROPERTIES, LLC, et al., Plaintiffs and Respondents, v. HOMAYOUN NAMVAR et al., Defendants and Appellants.

## Counsel

Reeder Lu, Christopher S. Reeder, Beverly Y. Lu, Dina Y. Nam, Anik Banerjee; Law Office of David Alan Cooper and David Alan Cooper for Defendants and Appellants.

Greenberg Glusker Fields Claman & Machtinger, Ricardo P. Cestero and Aaron B. Bloom for Plaintiffs and Respondents.

## Opinion

**JOHNSON, J.**—On October 16, 2008, respondent Starpoint Properties, LLC, and its affiliates[1] (Starpoint), brought suit against appellants Homayoun Namvar, Ramin Namvar and Unitex Industries, Inc., along with other defendants not parties to this appeal, for breach of contract and fraud. On October 31, 2008, the parties entered into a settlement agreement, in which Starpoint agreed to dismiss all claims against appellants in exchange for the right to purchase certain real property owned by appellants in Los Angeles. The settlement agreement also included a stipulation for entry of judgment, which provided that Starpoint shall be entitled to judgment in the amount of $8,362,000, plus interest, against all of the defendants named in the complaint, if any one of four events was to occur (as described below). Additionally, the stipulation expressly stated that appellants had waived their

---

[1] Blackhawk Properties, LLC, Mill Avenue Properties, LLC, Mill Avenue Properties II, LLC, Mill Avenue Properties III, LLC, Mill Avenue Properties IV, LLC, 450 Roxbury Properties, LLC, 450 Roxbury Properties II, LLC, 450 Roxbury Properties III, LLC, 450 Roxbury Properties IV, LLC, 450 Roxbury Properties V, LLC, 450 Roxbury Properties VI, LLC, Colfax Properties, LLC, Foothill Ridge Properties, LLC, and Jennifer Greenhut.

right to appeal any judgment issued pursuant to the stipulation, as well as any right to receive notice that judgment would be entered pursuant to the stipulation. When negotiating the terms of the settlement agreement and the stipulation, all parties were represented by counsel.

After three of the four events listed in the settlement agreement and stipulation occurred, Starpoint filed the stipulation, and judgment for the respondents was entered ex parte on March 19, 2009. Notice of entry of judgment was served on appellants on March 23, 2009. Appellants filed a motion to set aside the judgment on May 26, 2009, alleging that respondents coerced them into entering into the settlement agreement. On June 17, 2009, the trial court found that appellants' claim of coercion was unfounded, and denied appellants' motion.

On June 17, 2009, appellants filed a notice of appeal, challenging the validity of the trial court's entry of judgment pursuant to the stipulation, and the trial court's denial of their motion to set aside the judgment. For reasons we detail below, the appeal from the entry of judgment is untimely, and no appeal lies from the trial court's denial of appellants' motion to set aside the judgment. Hence, we must dismiss the appeal.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2003, Starpoint loaned money to Namco Capital Group, Inc., and its affiliates (Namco). In 2007, Starpoint was entitled to repayment of the full value of these loans. Appellant Unitex Industries, Inc. (Unitex), one of Namco's affiliates, entered into a promissory note with Starpoint whereby it agreed to pay Starpoint more than $14 million. The note was secured by real property owned by Unitex, while appellants Homayoun Namvar and Ramin Namvar,[2] along with others not parties to this action, guaranteed the full repayment of the note.

By October 2008, Unitex had defaulted on its payment obligations, and all the guarantors, including Homayoun and Ramin, had failed to repay the note. On October 16, 2008, Starpoint filed an action for breach of contract and fraud in Los Angeles Superior Court. In order to settle the case, appellants, along with other defendants not parties to this appeal, invited Starpoint to take part in a sale of real property owned by the Namvars. On October 31, 2008, the parties entered into a settlement agreement and mutual general release (the Settlement Agreement), under which Starpoint agreed to dismiss

---

[2] For clarity, we refer to members of the Namvar family by their respective first names. We intend no disrespect.

all charges against appellants and the other defendants in exchange for the right to purchase real property owned by the Namvars, and located at 12121 Wilshire in Los Angeles (the Bundy Property).

In order to effectuate the sale of the Bundy Property, two purchase and sale agreements were executed concurrently with the execution of the Settlement Agreement. Under these agreements, Starpoint and the other buyers of the Bundy Property were required to make a total of $5 million hard money deposit, and to assume the existing loans on the Bundy Property.

The Settlement Agreement expressly stated that the parties had entered into it "voluntarily," and "with full knowledge of its significance," and that its terms had been "negotiated at arms' length among sophisticated Parties represented by counsel." The Settlement Agreement also provided that if any of the parties were to bring an action against any other party under or relating to the Settlement Agreement, the prevailing party shall be entitled to recover reasonable attorney fees and costs.

On November 3, 2008, as provided for in the October 31, 2008 Settlement Agreement, appellants and Starpoint drafted a stipulation for entry of judgment (the Stipulation), which provided that Starpoint shall be entitled to judgment against any of the defendants in the amount of $8,362,000, if certain events were to occur (we describe these events below). The Stipulation also stated that appellants had waived their right to appeal or attack any judgment issued pursuant to the Stipulation, as well as any right to receive notice that judgment would be entered pursuant to the Stipulation. The Stipulation further indicated that appellants waived their rights freely and with the advice of counsel.

The Stipulation provided that Starpoint would obtain judgment against the defendants if any one of the following four events occurred: (1) the purchase agreement for the Bundy Property failed to close; (2) the purchase and sale agreements for the Bundy Property were modified or amended without Starpoint's consent, or were terminated; (3) the sale of the Bundy Property was affected by a bankruptcy proceeding; or (4) any attempt was made to force Starpoint to disgorge any of the cash payments made under the Settlement Agreement.

On November 10, 2008, Starpoint filed a request for dismissal of all claims against defendants.[3] On November 13, 2008, Starpoint filed a notice of settlement. On November 17, 2008, the trial court ordered the parties to file a

---

[3] Starpoint requested that the claims be dismissed without prejudice as against all defendants, except as against Moussa Namvar, against whom Starpoint requested that the claims be dismissed with prejudice.

second stipulation, setting forth the terms of the settlement and requesting that the case be dismissed without prejudice. On January 13, 2009, pursuant to the trial court's order, the parties filed the second stipulation, which provided that the parties had entered into a binding settlement agreement, and requested that the court dismiss the action without prejudice and retain jurisdiction to enforce the terms of the Settlement Agreement. All the parties who signed the second stipulation were represented by counsel. That same day, the trial court dismissed the action without prejudice, while retaining jurisdiction to enforce the Settlement Agreement.

Eventually, both the purchase and sale agreements for the Bundy Property failed to timely close. Furthermore, on December 22, 2008, an involuntary bankruptcy proceeding was filed against Ezri Namvar, who took part in the Settlement Agreement, but is not a party to this appeal, and Namco, affecting the sale of the Bundy Property. Finally, in March 2009, two purchase agreements for the Bundy Property were terminated. Each of these events alone was a basis for Starpoint to obtain judgment against appellants pursuant to the terms of the Stipulation.

On March 19, 2009, Starpoint filed the Stipulation ex parte, and judgment in the amount of $8,680,443.20 was entered that same day. Starpoint served appellants with a notice of entry of the judgment on March 23, 2009.

One day before the Stipulation was filed, on March 18, 2009, appellants, along with others not parties to this appeal, filed a complaint against Starpoint and other defendants in the Los Angeles Superior Court, alleging that the Settlement Agreement and the Stipulation were obtained through "extortion."[4] Specifically, appellants asserted that while negotiating the Settlement Agreement and the Stipulation, Starpoint's principal, Paul Daneshrad, made a number of threatening and extortionate comments designed to force appellants into entering the agreement.[5] Appellants' lawsuit did not seek to enjoin entry of the judgment pursuant to the Stipulation.

On May 7, 2009, appellants filed a first motion to set aside the judgment, which was later withdrawn and replaced by a new motion filed on May 26, 2009. Appellants' new motion stated that it was "submitted to the Court with the intention of superseding and taking the place of the previously submitted Motion for Relief." On June 17, 2009, the trial court heard and denied appellants' motion to set aside the judgment. Appellants filed this appeal that same day.

---

[4] The complaint was entitled *Hamvar v. Daneshrad* (Super. Ct. L.A. County, No. BC410017).

[5] The complaint alleged that Paul Daneshrad told appellants that if they did not sign the Settlement Agreement and the Stipulation, he would make sure that their brother Ezri Namvar would go to jail for illicit transactions into which Daneshrad had entered with Ezri.

## DISCUSSION

Appellants claim that the trial court erred in (1) entering judgment for Starpoint pursuant to the Stipulation on an ex parte basis, without giving appellants an opportunity to appear, (2) entering judgment for Starpoint pursuant to the Stipulation in violation of the automatic stay of all judicial proceedings triggered by the bankruptcies of Namco and Ezri, and (3) rejecting appellants' claim of extortion because appellants failed to report Starpoint's alleged wrongdoing to the police. Appellants further assert that the judgment entered for Starpoint pursuant to the Stipulation was obtained through fraud upon the court, as Starpoint's counsel failed to disclose to the court appellants' pending legal action against Starpoint alleging extortion and duress, which appellants filed one day before judgment was entered against them.

### I. *Timeliness of the Appeal*

The appeal from the trial court's entry of judgment is untimely, and no appeal lies from the trial court's denial of appellants' motion to set aside the judgment. We therefore dismiss appellants' claims without reaching the merits.[6]

■ "Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional," and an appellate court therefore must dismiss an appeal that is untimely. (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1573 [85 Cal.Rptr.3d 174] (*Payne*), citing *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

■ A notice of appeal from a judgment must be filed on or before the earliest of (1) 60 days after the trial court's mailing of the notice of entry of judgment; (2) 60 days after a party's service of the notice of entry of judgment; or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)–(3).)

Here, Starpoint served appellants with a notice of entry of judgment on March 23, 2009. Appellants were therefore required to file their notice of appeal by May 22, 2009. Appellants' notice of appeal was not filed until June 17, 2009. Thus, the appeal was untimely unless the time to appeal was extended by some other rule.

---

[6] However, and as properly noted by Starpoint, appellants, throughout their briefs, consistently misidentify the applicable standard of review on the merits, and assert that most, if not all, of the trial court's decisions are to be reviewed de novo, or are even reversible per se. This is not so.

█ Appellants contend that their time to appeal was extended by the filing of their two consecutive motions to set aside the judgment, first on May 7, 2009, then on May 26, 2009. Under rule 8.108(c) of the California Rules of Court, if a party serves and files a valid motion to vacate the judgment *within the normal time to appeal from the judgment*, the time to appeal from the judgment is extended until the earliest of (1) 30 days after the court clerk mails, or a party serves, the order denying the motion to vacate or a notice of entry thereof, (2) 90 days after the first notice of intention to move—or motion—is filed, or (3) 180 days after the entry of judgment. The bottom line is that, in order to extend the allotted time to appeal, appellants here must have filed their motion to vacate within the mandatory 60-day period provided by rule 8.104(a).

█ In *Meier v. Heckel* (1960) 183 Cal.App.2d 329 [6 Cal.Rptr. 817] (*Meier*), this court held that a motion to vacate only extended the time to appeal if the motion itself had been timely filed, i.e., filed within the statutory period to appeal. (*Id.* at p. 331.) Importantly for the appeal before us, the court further held that in the event of several motions filed consecutively, only those that were timely filed could extend a litigant's time to appeal. (*Ibid.*)

█ Here, while appellants' first motion to set aside the judgment was filed on May 7, 2009, within the required 60 days, appellants' second motion withdrawing and superseding the first was filed on May 26, 2009, four days after the deadline to file their appeal. Therefore, the issue is whether appellants' first motion properly extended appellants' time to appeal, even though appellants withdrew their first motion, and the second motion was filed after appellants' time to appeal had expired. We conclude that it did not.

Appellants' May 7, 2009 motion to set aside the judgment, although filed within the statutory period, was never reviewed or addressed by the trial court. Instead, appellants withdrew the May 7, 2009 motion and replaced it with a new motion to set aside the judgment, which was filed on May 26, 2009, four days after appellants' deadline to appeal. Although the motions shared many of the same arguments and supporting exhibits, it is impossible to construe the trial court's order denying appellants' May 26, 2009 motion, as an order also denying their then withdrawn May 7, 2009 motion. If we were to extend appellants' deadline to appeal on the basis of a withdrawn motion that was never addressed by the trial court, and was later superseded by another motion, filed after appellants' time to appeal had expired, we would allow every litigant to increase his or her allotted time to appeal through the continuous filing, withdrawing, and filing of motions, without having to face the consequences—whether adverse or not—of a trial court's decision on the motion's merits.

In *Meier*, the court considered the timeliness of the appellant's consecutive motions to vacate the judgment, because each was addressed and decided by the trial court. (*Meier, supra,* 183 Cal.App.2d at p. 329.) Each order by the trial court denying the appellant's consecutive motions was therefore appealable so long as the motion itself had been timely filed. (*Id.* at p. 330.) Here, no appeal lies from appellants' filing of their May 7, 2009 motion because the trial court never addressed it and appellants withdrew the motion. As appellants' own statements indicate, the May 26, 2009 motion to set aside the judgment was "submitted to the Court with the intention of superseding and taking the place of the previously submitted Motion for Relief." This motion was filed four days after appellants' deadline to appeal had passed. It thus failed to extend appellants' time to appeal.

We conclude that the appeal challenging the March 23, 2009 entry of judgment in favor of Starpoint was untimely, and that appellants' May 26, 2009 motion to set aside the judgment failed to extend their time to appeal. Under the circumstances, we have no jurisdiction to consider the merits of appellants' claims, and, therefore, we must dismiss the appeal.

## II. *Merits*

Although we do not need to consider appellants' claims, we nevertheless note that, had their appeal been timely filed, appellants would still fail on the merits. Indeed, none of the claims set forth in appellants' briefs justifies a reversal of the trial court's decision.

First, appellants claim that the trial court erred in entering judgment against them on an ex parte basis, without giving them an opportunity to appear. The argument, however, is meritless because appellants expressly waived their right to receive notice in the Settlement Agreement, and such waivers are valid under California law.[7] (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 370 [110 Cal.Rptr. 353, 515 P.2d 297].)

Additionally, appellants allege that the trial court's March 19, 2009 entry of judgment was void because it violated the automatic stay on judicial proceedings triggered by the bankruptcies of Namco and Ezri. However, the argument also fails here because appellants, having never been part of the

---

[7] For the waiver to be valid, *Rooney* only requires that the stipulation containing it set forth all the terms of a judgment agreed upon by the parties, and that the waiver be expressly stated. (*Rooney v. Vermont Investment Corp., supra,* 10 Cal.3d at pp. 368–370.) Here, the trial court concluded that "no essential term was omitted" in the Stipulation. It was therefore within the trial court's discretion to enter judgment against appellants on an ex parte basis. (*Id.* at pp. 368–369.)

bankruptcy proceedings, have no standing to allege any violation of the automatic stay. (*Shorr v. Kind* (1991) 1 Cal.App.4th 249, 254, 258 [2 Cal.Rptr.2d 192].)

Further, appellants argue that it was error for the trial court to reject appellants' claim of extortion on the grounds that appellants failed to call the police after the alleged extortion took place. Again, appellants' argument fails, because the trial court was well within its discretion when it concluded that appellants' claim of extortion was "dubious," and therefore refused to set aside the March 19 judgment on that basis.[8]

Finally, appellants allege that Starpoint obtained judgment through fraud upon the trial court, because, at the time judgment was entered against appellants, Starpoint's counsel did not disclose to the court the pending legal action against Starpoint filed by appellants the day before. Once again, appellants' claim is meritless since fraud upon the court is only established when "extrinsic factors have prevented one party to the litigation from presenting his or her case." (*In re Marriage of Park* (1980) 27 Cal.3d 337, 342 [165 Cal.Rptr. 792, 612 P.2d 882].) Here, appellants' pending legal action against Starpoint did not seek to enjoin entry of the trial court's judgment against them, and also included numerous other parties not involved in this lawsuit. Appellants' civil suit against Starpoint was not material to the trial court's decision in this action, and therefore Starpoint's counsel's failure to disclose its existence cannot be considered to have "prevented [appellants] from presenting [their] case." (*Ibid.*)

In sum, appellants have failed to set forth any meritorious claim justifying a reversal of the trial court's decision.[9]

---

[8] The only evidence presented by appellants in support of their extortion claim was the declarations of appellants themselves. Every other party present during the negotiations of the Settlement Agreement denied that extortionate remarks were made. The trial court also properly noted that appellants' failure to report the alleged extortion to the police strongly affected the credibility of appellants' claim. Finally, and contrary to appellants' assertion, the trial court's ruling regarding the extortion claim was a finding of fact, and our review must therefore be on the basis of abuse of discretion. (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 685–686 [76 Cal.Rptr.2d 691].)

[9] Although not raised in appellants' briefs, we wish to address the claim made by appellants' counsel during oral argument that none of the four triggering events listed in the Stipulation actually occurred, and that, therefore, Starpoint was not entitled to obtain judgment pursuant to the Stipulation. This argument is meritless, and entirely contradicted by the evidence in the record before us. In fact, and as the trial court correctly concluded, three of the four events listed in the Stipulation did occur, thus allowing Starpoint to obtain judgment: the purchase and sale agreements for the Bundy Property failed to timely close, both agreements were terminated in March 2009, and bankruptcy proceedings filed against Ezri and Namco affected the sale of the Bundy Property. There was therefore no error on the trial court's part in finding that Starpoint was entitled to judgment pursuant to the Stipulation.

III. *Attorney Fees*

Starpoint argues that pursuant to the terms of the Settlement Agreement, it is entitled to recover reasonable attorney fees and costs incurred in connection with this appeal. We agree.

■ Pursuant to Civil Code section 1717, where a written contract expressly provides for the award of attorney fees, the prevailing party in an action under or relating to the contract is entitled to recover its fees, whether incurred at trial or on appeal. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 [39 Cal.Rptr.2d 824, 891 P.2d 804]; see also *Wilson v. Wilson* (1960) 54 Cal.2d 264, 272 [5 Cal.Rptr. 317, 352 P.2d 725].)

Here, the Settlement Agreement entered into by Starpoint and appellants expressly provided that the prevailing party shall recover reasonable attorney fees and costs in any action brought against any other party under or in relation to the Settlement Agreement. Since we must dismiss appellants' untimely appeal, Starpoint is entitled to recover reasonable attorney fees and costs incurred in relation to this appeal. (*Hsu v. Abbara, supra*, 9 Cal.4th at pp. 876–877.)

## DISPOSITION

The appeal is dismissed. Respondents are to recover attorney fees and costs on appeal.

Mallano, P. J., and Rothschild, J., concurred.