Filed 5/28/14  Harris v. Save the Queen CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PRESTON HARRIS et al, | B249533 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC438196) |
| v. | |
| SAVE THE QUEEN, LLC, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Highberger, Judge.  Affirmed.

Law Offices of George L. Steele, George L. Steele and Michelle H. Iarusso, for Plaintiffs and Appellants.

Jeffer Mangels Butler & Mitchell, Matthew D. Hinks and Andrew I. Shadoff, for Defendant and Respondent.

_____

This is the third appeal filed by plaintiffs and appellants Preston Harris (Harris) and Lanny Thomas (Thomas). In this appeal, Harris and Thomas appeal from an order awarding attorney fees and costs to defendant and respondent Save the Queen, LLC (STQ), incurred on a prior appeal. We affirm, finding that appellants are collaterally estopped from relitigating the issue of attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Harris and Thomas are members and officers of Rarebreed Motorcycle Club, Inc. (Rarebreed), which is comprised of African-American members. STQ operates the Queen Mary and surrounding property pursuant to a lease with the City of Long Beach.

On March 16, 2009, Rarebreed and STQ entered into a written "SPECIAL EVENTS AGREEMENT" (Agreement), pursuant to which Rarebreed leased from STQ certain facilities at the Queen Mary site to hold Rarebreed's 20th anniversary celebration. The Agreement contains an attorney fees clause providing that "If any legal action based on this Agreement, including an action for declaratory relief, is brought to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees . . . and costs from the other party." Harris signed the Agreement on behalf of Rarebreed.

The anniversary celebration never took place at the Queen Mary site.[1] Harris and Thomas, as well as Rarebreed and Williams, sued STQ and others, alleging inter alia that STQ breached the Agreement and engaged in racial discrimination. In the seventh cause of action for breach of the implied covenant of good faith and fair dealing, Harris and Thomas expressly alleged that "there existed a covenant of good faith and fair dealing by virtue of the contract existing by and between STQ and RAREBREED for the intended

---

[1] The anniversary celebration ultimately took place at Rarebreed's clubhouse in Gardena, California. Harris, Thomas, Rarebreed, and Kenneth Williams (Williams) later sued the County of Los Angeles (the County) for nuisance in connection with the celebration in a separate lawsuit, and then appealed from the summary judgment in favor of the County. In an unpublished opinion issued on March 7, 2013 (*Harris v. County of Los Angeles*, B239113 [nonpub]), we affirmed the trial court's grant of summary judgment in favor of the County.

2

benefit of the individual plaintiffs, and those similarly situated that required STQ not to discriminate in the leasing of its facilities on the basis of race, and further required STQ not to recklessly, arbitrarily and capriciously increase the security deposits under the AGREEMENT . . . ."

STQ moved for summary judgment, which the trial court granted in its favor on all causes of action against it. The written judgment, dated August 29, 2011, stated that "[a]s the prevailing party, Defendant STQ shall recover its costs . . . against Plaintiffs," including Harris and Thomas. The amount of costs was left blank.

On October 19, 2011, STQ filed a motion to recover its attorney fees and costs in defending the lawsuit (the first fees motion). On the same day, Harris, Thomas, Williams and Rarebreed filed a notice of appeal from "the order and judgment granting summary judgment in favor of [STQ] and against said plaintiffs."

On December 19, 2011, the trial court granted the first fees motion, finding that STQ "is the prevailing party in this action, and is entitled to recover from Plaintiffs [Harris, Thomas, Williams and Rarebreed], jointly and severally, the amount of $103,022.50 as its reasonable attorneys' fees, and $8,102.27 as its reasonable costs, for a total of $111,134.77, and further directs the clerk of this Court to endorse said amount on the Judgment entered herein on August 29, 2011 in favor of STQ and against Plaintiffs." No appeal was taken from this ruling on the first fees motion.

Meanwhile, the appeal from the summary judgment in favor of STQ proceeded. The issue of attorney fees was never discussed on appeal. On October 23, 2012, we issued our opinion affirming the summary judgment (*Harris v. Save the Queen,* B236774 [nonpub]). The remittitur issued in December 2012 stated that "STQ is entitled to its costs on appeal."

On February 4, 2013, STQ filed a motion in the trial court to recover its attorney fees and costs incurred on appeal (the second fees motion). The trial court granted the motion, awarding STQ its requested amount of $27,023.61 to be paid "jointly and severally" by Harris, Thomas, Williams and Rarebreed. Harris and Thomas then filed the instant appeal from the order granting the second fees motion.

3

## DISCUSSION

Harris and Thomas contend that the order granting the second fees motion should be reversed as to them because they were not parties to the Agreement and were not third party beneficiaries. They therefore claim that the attorney fees provision is not applicable to them. On appeal, a determination of the legal basis for an attorney fees award is reviewed de novo as a question of law. (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677.)

It is well established that a signatory to a contract may recover contractual attorney fees from a nonsignatory party where the nonsignatory party is a third party beneficiary of the contract. (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966.) But we need not discuss Harris's and Thomas's argument that they are not third party beneficiaries of the Agreement, because we find they are collaterally estopped from relitigating the issue of the recovery of attorney fees.

As our Supreme Court explained in *Hernandez v. City of Pomona* (2009) 46 Cal.4th 501: "'Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. [Citation.] Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.]'" (*Id*. at p. 511.) "For purposes of collateral estoppel, an issue was actually litigated in a prior proceeding if it was properly raised, submitted for determination, and determined in that proceeding." (*Ibid*.)

These elements are met here. First, the issue of whether STQ is entitled to contractual attorney fees against Harris and Williams was decided in connection with the first fees motion. The trial court granted this motion and found that Harris and Thomas were "jointly and severally" liable for STQ's attorney fees. While the briefs submitted

4

with respect to the first fees motion are not part of the record before us, the briefs pertaining to the second fees motion are in the record. In its reply brief to the second fees motion, STQ states: "In their First Amended Complaint, Plaintiffs alleged that they were third party beneficiaries of the Agreement. . . . STQ argued in its first attorneys' fees motion that because the individual Plaintiffs had sued STQ as intended beneficiaries, they are treated as if they were signatories (i.e., they are responsible for attorneys' fees). . . . Plaintiffs failed to rebut, or even respond to, this argument."

Second, the issue of whether STQ was entitled to recover its contractual attorney fees as the prevailing party against Harris and Thomas was therefore litigated in the first fees motion. Though Harris and Thomas may not have specifically rebutted STQ's argument that they were responsible for attorney fees as third party beneficiaries, they had the opportunity to do so. They do not get a second bite at the apple.

Third, the issue of whether STQ was entitled to recover its fees as the prevailing party against Harris and Thomas was necessarily litigated in the former proceeding. The trial court found that STQ was the prevailing party entitled to fees against *all* plaintiffs jointly and severally. In the order granting the second fees motion, the trial court stated the following: "The individual plaintiffs do oppose on the grounds that they were not signatories and allegedly would not have been able to collect fees under the same contract had they prevailed. The attorney fee provision was broad, applying to 'any legal action based on this Agreement, including an action for declaratory relief,' and this Court has previously considered and rejected the same no-responsibility argument by these individual plaintiffs when this same defendant's earlier motion for attorney fees at the trial level was heard, argued, and granted on December [19], 2011. The brief filed by plaintiffs through their former counsel when such motion was opposed was shorter than the current opposition, but the same basic point is made."

5

Fourth, the decision in the former proceeding was final and on the merits. The time to appeal from the first attorney fees order has long since passed. And it makes no difference that the first fees motion involved fees incurred at the trial level rather than on appeal. A prevailing party is entitled to recover its fees "whether incurred at trial or on appeal." (*Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1111.)

Finally, the exact same parties are involved in both attorney fees motions.

## DISPOSITION

The order awarding attorney fees to STQ after appeal is affirmed. STQ is entitled to recover its costs in the instant appeal as well.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
          ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.
      CHAVEZ