Filed 9/18/14  Sample v. Centinela Hosp. Med. Center CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ALWENA SAMPLE,<br><br>　　Plaintiff and Appellant,<br><br>　　v.<br><br>CENTINELA HOSPITAL MEDICAL CENTER,<br><br>　　Defendant and Respondent. | B251516<br><br>(Los Angeles County Super. Ct. No. YC063573) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Cary Nishimoto, Judge.  Dismiss in part and affirm in part.

　　　　The Dorton Firm and Fred D. Dorton, Jr., for Plaintiff and Appellant.

　　　　Carroll, Kelly, Trotter, Franzen, McKenna & Peabody, Michael J. Trotter, David P. Pruett, Matthew N. Trotter, for Defendant and Appellant.

_____

Plaintiff and appellant Alwena Sample appeals from the judgment entered when the court granted a motion for summary judgment filed by defendant and respondent Centinela Hospital Medical Center (Centinela). Sample also appeals from a postjudgment order denying relief under Code of Civil Procedure section 473, subdivision (b).[1] We dismiss Sample's appeal from the judgment as untimely. We affirm the postjudgment order based on the inadequacy of the record on appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Sample filed suit against Centinela and an individual doctor on November 5, 2010, after losing two fingers to gangrene during a six-day hospital stay. After successive demurrers, Sample filed a Second Amended Complaint on October 25, 2011, naming Centinela as the sole defendant. On January 24, 2012, the court set a trial date of November 15, 2012.

On July 30, 2012, Centinela filed a motion for summary judgment, scheduled to be heard on October 15, 2012. Sample's opposition to the motion for summary judgment included a declaration by expert Natasha Williams, but did not include the medical records relied upon by Ms. Williams. The court sua sponte continued the hearing three times to give Sample an opportunity to present facts necessary to oppose the summary judgment motion.[2] The hearing was first continued from October 15, 2012 to November 5, 2012, then again to November 15, 2012, and finally to November 16, 2012, one day after the scheduled trial date. On November 9, 2012, Sample's counsel filed declarations

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

[2] In tentative rulings, the court stated "plaintiff's opposition reveals that facts essential to justify the opposition exist but have not been presented."

2

describing efforts taken to obtain the medical records in question.  However, when counsel was unable to produce the documents at the November 16, 2012 hearing, the court granted Centinela's summary judgment motion.  Sample was served with a notice of entry of the judgment on November 19, 2012.

Almost four months later, Sample filed a motion to vacate the judgment under Code of Civil Procedure section 473, subdivision (b).  After considering the moving and opposition papers[3] and oral argument, the court denied Sample's motion for relief on July 17, 2013.  The court's tentative ruling stated, in pertinent part:  "Plaintiff['s] counsel failed to act diligently and his errors were not excusable neglect.  As to the failure to provide the medical records relied upon by expert Williams, plaintiff['s] counsel simply failed to act with diligence in obtaining the necessary records . . . .  Here the court made specific rulings on [October 5, 2012, November 5, 2012, and November 15, 2012] providing plaintiff with specific information regarding the manner in which the plaintiff's opposition papers were lacking and provided continuances to submit the relevant evidence.  Plaintiff['s] counsel's failure to provide the requested documents, after being given numerous opportunities, amounts to a failure to act diligently, not neglect."  The court concluded its tentative ruling by noting that "Counsel's mere negligence in preparing a case does not demonstrate excusable neglect under [section] 473."  The record on appeal does not include a reporter's transcript of the July 17, 2013 hearing.  Centinela gave notice of entry of the order on July 29, 2013.

Sample filed a notice of appeal on September 5, 2013, 290 days after receiving notice of entry of judgment and 38 days after receiving notice of entry of the court's order denying her motion to vacate.

---

[3] In violation of California Rules of Court, rules 8.122(b)(1)(F) and 8.124(b)(1)(A), Sample failed to include a register of actions in Appellant's Appendix.  Sample's Appendix also does not include a copy of Centinela's opposition to the motion to vacate, violating rules 8.122(b)(3)(A) and 8.124(b)(1)(B).  Centinela correctly points out these omissions in its Respondent's Brief, and provides this court with a Respondent's Appendix that includes a register of actions, Centinela's opposition to the motion to vacate, and other documents.

**DISCUSSION**

**Sample's Appeal of the Judgment is Untimely**

We dismiss as untimely Sample's appeal from the judgment entered after the order granting summary judgment. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [the time limits for filing a notice of appeal are mandatory and jurisdictional].) A notice of appeal from a judgment must be filed within 60 days after a party's service of the notice of entry of judgment. (Cal. Rules of Court, rule 8.104(a)(2).)[4] If a party serves and files a valid motion to vacate the judgment, the time to appeal is extended until the earliest of (1) 30 days after the court clerk mails, or a party serves, the order denying the motion to vacate or a notice of entry thereof, (2) 90 days after the motion is filed, or (3) 180 days after the entry of judgment. (Rule 8.108(c).) However, the extension under rule 8.108 only applies if the motion to vacate is filed within the mandatory 60-day period provided by rule 8.104(a). (Rule 8.108(c); *Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1108.)

Centinela served Sample with a notice of entry of judgment on November 19, 2012. Sample's April 16, 2013 motion to vacate the judgment was denied on July 17, 2013, and Sample filed a notice of appeal on September 5, 2013. Because neither the motion to vacate nor the notice of appeal were filed within 60 days after notice of entry of judgment, Sample's appeal of the judgment is untimely and must be dismissed. We therefore do not address Sample's contention that summary judgment was improperly granted.

---

[4] All further rule references are to the California Rules of Court, unless otherwise stated.

## The Record on Appeal is Inadequate to Establish Abuse of Discretion in the Trial Court's Denial of Postjudgment Motion

Sample contends the court erroneously denied her motion to vacate the judgment under section 473, subdivision (b). Without a transcript of the hearing or a suitable substitute, and without any argument about how the court's decision constitutes an abuse of discretion, we conclude Sample has not demonstrated reversible error.

The California Rules of Court provide an appellant with a choice of several types of records upon which to take an appeal. The choices include a reporter's transcript, a clerk's transcript, an agreed statement, and a settled statement. (Rules 8.122, 8.130, 8.134, and 8.137.) "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings . . . ." (Rule 8.120(b).) If an appellant elects to proceed with either an agreed statement or settled statement, those must conform to the requirements set forth in rules 8.134 and 8.137. Well before the deadline for filing Appellant's Opening Brief, this court issued an order requiring the parties "to brief the issue of whether plaintiff's failure to provide a reporter's transcript or a suitable substitute warrants affirmance based on the inadequacy of the record." In the opening brief, Sample's counsel first attempts to deflect responsibility for providing a complete record by asserting that the court was "going through a transition period . . . after which Court Reporters would have to be scheduled or reserved independently" and that Centinela did not reserve a court reporter for any of the pertinent hearings. Sample's counsel offers no explanation for why he relied on Centinela to reserve a court reporter, rather than reserving one himself. Finally, Sample's counsel purports to submit "a settled statement, along with the present opening brief summarizing the discourse of the parties, counsel, and the Court at these hearings." Not only does the purported settled statement fail to comply with rule 8.137 governing settled statements, the record contains no indication the proposed settled statement was ever provided to the judge or opposing counsel before being filed in this case.

5

"An appellate court begins with the presumption the judgment is correct (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435) and the appellant must prepare a record that adequately establishes the trial court committed prejudicial error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Rancho Santa Fe Assn. v. Dolan–King* (2004) 115 Cal.App.4th 28, 46.)" (*Ritschel v. City of Fountain Valley* (2006) 137 Cal.App.4th 107, 122.)

Sample fails to demonstrate that the court's denial of her motion to vacate constituted an abuse of discretion. She first incorrectly contends her entire appeal should be decided using a de novo standard of review. Rather, the denial of a motion to vacate judgment under the discretionary provisions of section 473 is reviewed for abuse of discretion. (*Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 787-790.) "Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citations.] We have said that when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.)

A court has discretion to grant relief from the judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect." (§ 473, subd. (b).)[5] Sample's

---

[5] Section 473, subdivision (b) states in pertinent part, "The court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (Italics added.) Subdivision (b) also includes a separate mandatory provision stating, "the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.) Sample's motion to vacate did not

opening brief offers no argument about how the trial court abused its discretion in concluding that counsel's conduct did not constitute excusable neglect warranting relief under section 473, subdivision (b). Sample also does not address whether her failure to provide a reporter's transcripts or suitable substitute for the hearing on her motion to vacate the judgment precludes this court from finding an abuse of discretion. Without a complete record, we do not have the necessary information to conduct a meaningful and fair appellate review. With no argument and no reporter's transcript of the hearing or a suitable substitute, Sample has not met her burden of showing reversible error.

---

seek relief under this mandatory provision, nor does Sample argue on appeal that this provision applies.

## DISPOSITION

Sample's appeal of the judgment is dismissed as untimely.  The court's July 17, 2013 order denying Sample's motion to vacate judgment is affirmed.  Centinela is awarded its costs on appeal.

KRIEGLER, J.

We concur:

MOSK, Acting P. J.

MINK, J.[*]

---

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.