Filed 9/24/14  Foster v. Glendale Mem. Hospital etc. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| VELIA L. FOSTER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GLENDALE MEMORIAL HOSPITAL EMERGENCY ROOM,<br><br>    Defendant and Respondent. | B249104<br><br>(Los Angeles County<br>Super. Ct. No. BS133908) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert H. O'Brien, Judge.  (Retired Judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Velia L. Foster, in pro. per., for Plaintiff and Appellant.

Fraser Watson & Croutch and Craig Donahue for Defendant and Respondent.

———————————

Velia Foster purports to appeal from a February 7, 2013 judgment, and an April 16, 2013 order denying a motion for reconsideration of an order sustaining defendant's demurrer without leave to amend. We conclude Foster's notice of appeal was untimely filed, and therefore the appeal must be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

We need not discuss the underlying facts, nor most of the procedural history, in this mandamus proceeding; neither is relevant to the disposition of this untimely appeal.

On November 13, 2012, Foster, who has always been self-represented in this action, filed a document entitled "Filing A Motion to Show A Cause of Action before or on November 15, 2012 accordingly to Court's order." The trial court construed the document as an amended writ petition.

On December 10, 2012, defendant Glendale Memorial Hospital and Health Center (the Hospital) demurred to the operative first amended petition. Oral argument on the demurrer, initially scheduled for January 18, 2013, was continued on the court's motion, to January 25, 2013.

On January 2, 2013, Foster filed two documents. The first, labeled "Filing a Motion of 'First Amended Complaint', filing A Motion of discontinuance of Hearing on January 18 and January 25, 2013. Filing An Oppose Demurrer, a motion to Strike." The second document was entitled "File a Motion to request a postpone or adjourn the hearings of January 18 and January 25th. File a Motion to Oppose Demurrer." In both documents Foster stated, among other things, that she would be out of state on the dates for which the demurrer hearing had been set.

The hearing was conducted on January 25, 2013. Foster did not appear. The court sustained the demurrer without leave to amend.

On January 28, 2013, the Hospital served Foster by mail with "NOTICE OF RULING ON DEMURRER TO FIRST AMENDED PETITION ENTITLED 'FILING A MOTION TO SHOW A CAUSE OF ACTION BEFORE OR ON NOVEMBER 15, 2012 ACCORDING TO COURT'S ORDER.'" On January 28, 2013, the Hospital also served Foster by mail with a "[PROPOSED] ORDER SUSTAINING THE DEMURRER OF

2

[THE HOSPITAL] WITHOUT LEAVE TO AMEND," and a "[PROPOSED] JUDGMENT FOLLOWING SUSTAINING THE DEMURRER OF [THE HOSPITAL] WITHOUT LEAVE TO AMEND."

On February 7, 2013, the trial court signed both an order sustaining the demurrer without leave to amend, and a judgment. On February 7, 2013, the superior court clerk served the parties with "NOTICE OF ENTRY OF JUDGMENT AND JUDGMENT" entered on February 7, 2013."

On February 13, 2013, Foster filed a document entitled, "Statement of Disputed and undisputed facts in opposition to propose for summary judgment amended. ASSERT, amended." In that document Foster acknowledges that she received the Hospital's proposed order and judgment on January 28. She also acknowledges receiving copies of the order and judgment, signed by the court and date-stamped February 7, 2013, but claims the signature (actually, the judge's stamp) was a forgery, in part, because she notified the court she could not attend the hearing on January 25.

The court deemed the document filed by Foster to be a motion for reconsideration of its order sustaining the demurrer without leave to amend. (Code Civ. Proc., § 1008.) The Hospital opposed the motion to reconsider arguing, among other things, that the court lacked jurisdiction to consider it. The motion for reconsideration was argued at a hearing attended by Foster, and taken under submission on April 12, 2013. On April 16, 2013, the trial court issued an order denying the motion. It found that Foster never properly obtained a continuance of the January 25 hearing on the demurrer, and that the motion for reconsideration presented no new or different facts or law. The record does not indicate whether the court's April 16 order was ever served.

On May 31, 2013, Foster filed a notice of appeal from a "Judgment after jury trial," entered on February 7 and April 16, 2013.

3

**DISCUSSION**

The Hospital contends that Foster's appeal should be dismissed because her notice of appeal was untimely filed.

1.    *The appeal from the judgment is untimely*

"'Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional,' and an appellate court must dismiss an appeal that is untimely." (*Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1107; *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal"].)

California Rules of Court, rule 8.104(a) [1] provides:

"Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of:

"(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served;

"(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or

"(C) 180 days after entry of judgment."

On February 7, 2013, the clerk served by mail a file-stamped copy of a "Notice of Entry" of judgment and judgment. The 60-day period for filing a notice of appeal ended on April 8, 2013. (Rule 8.104(a)(1), (c)(1).) Foster's notice of appeal was not filed until May 31, 2013. Unless another rule operates to extend the deadline, the appeal was untimely and must be dismissed. (Rule 8.104(a)(1).)

---

[1] All further rule references are to the California Rules of Court.

2.      *No rule of extension operates to save the appeal.*

The trial court construed the document filed by Foster on February 13 as a motion for reconsideration. However, the trial court's denial of that motion for reconsideration did not delay the running of, or otherwise extend, the 60-day period within which Foster was required to file her notice of appeal after judgment was entered against her. (See Rules 8.104(1)(a)(1), 8.108(e), & 8.702(c)(3).) Once it entered judgment on February 7, the trial court was divested of jurisdiction to entertain a motion for reconsideration of its ruling on the demurrer. Accordingly, the court's subsequent denial of the motion did not extend the time to appeal from the judgment. (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1481–1482.)

Once judgment was entered, Foster's only recourse at the trial court level was to file a motion for a new trial. (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1238; *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1605–1608; see *20th Century Ins. Co. v. Superior Court* (2001) 90 Cal.App.4th 1247, 1259.)[2] Given that it was the trial court, not Foster, that characterized the motion as a motion for reconsideration, good cause exists to treat the motion as a motion for new trial in order to trigger the Rule 8.108(e) extensions of time for appeal. (Cf., *Williams*, at pp. 1610–1611 [good cause existed because of appellate court's prior decisions implying postjudgment motion for reconsideration would extend time to appeal]; *20th Century Ins. Co.*, at pp. 1259–1260.) Doing so, however, will not salvage the appeal.

---

[2] A motion to vacate under Code of Civil Procedure section 663 will not lie to vacate a judgment following an erroneous ruling on a demurrer which tests only the sufficiency of the pleadings, and does not involve either the admission of evidence or findings of fact. Code of Civil Procedure section 663 "is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted." (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203.) Foster does not seek entry of a different judgment, merely the right to file further pleadings. (See *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574–1575 [discussing bases for "valid" motion to vacate sufficient to extend time to file notice of appeal].)

Where, as here, a trial court expressly denies a valid motion for new trial, the time for appeal is extended by 30 days from the date the order denying the motion is served.[3] (Rule 8.108(b)(1)(A); see *Adaimy v. Ruhl* (2008) 160 Cal.App.4th 583, 588.) Thus, even construing the motion as a motion for new trial, the notice of appeal, due no later than May 16, 2013, was untimely.[4]

## DISPOSITION

The appeal is dismissed. The Glendale Memorial Hospital Emergency Room is entitled to costs on appeal.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

CHANEY, Acting P. J.

MILLER, J.[*]

---

[3] Only a valid new trial motion that complies with the procedural requirements of Code of Civil Procedure section 659 (including the requirements regarding timeliness, service and a statement of bases for the motion), will extend the appeal period under rule 8.108(b). (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2012) ¶ 3:70, pp. 3-35 to 3-36, and cases cited therein (rev. # 1, 2012).) For this timeliness analysis, we will assume Foster's motion satisfied these requirements.

[4] Because we dismiss the appeal as untimely filed, we do not address the merits of the parties' contentions on appeal.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.