Filed 10/19/22  Patterson v. Laings First Edition-Ontario Center HOA CA4/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| REGENA M. PATTERSON, | |
| Plaintiff and Appellant, | E078131 |
| v. | (Super.Ct.No. CIVDS1609944) |
| LAINGS FIRST EDITION-ONTARIO CENTER HOA, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County. Janet M. Frangie, Judge. Dismissed.

Regena M. Patterson, in pro. per., for Plaintiff and Appellant.

Tinnelly Law Group, Cang N. Le, and Joshua D. Mendelsohn for Defendant and Respondent.

Plaintiff Regena Patterson filed a notice of appeal purporting to appeal from an order denying her motion to vacate the judgment dismissing her lawsuit against Laing's

1

First Edition–Ontario Center Homeowners Association (Laing's). We conclude the notice of appeal is untimely and dismiss the appeal for lack of jurisdiction.

# I

# FACTS

A.  *Summary Judgment*

In 2017, Patterson sued Laing's for wrongful foreclosure, alleging the homeowners association had improperly refused her tender of partial payment of the assessments and related costs she owed on her condominium. Laing's filed a motion for summary judgment arguing, among other things, that Patterson lacked standing to sue for wrongful foreclosure because she had transferred her interest in the property prior to foreclosure. In support, they submitted deeds reflecting the transfers, as well as deposition testimony from Patterson confirming the deeds had transferred her interest in the property.

On January 19, 2021, San Bernardino County Superior Court Judge Janet Frangie concluded Patterson lacked standing based on the pre-foreclosure transfers and granted summary judgment in favor of Laing's. On January 21, 2021, Laing's served Patterson by mail with notice of entry of the order granting summary judgment.

On April 13, 2021, the judge entered judgment in favor of Laing's and dismissed the lawsuit. Laing's served Patterson with the notice of entry of judgment on May 10, 2021.

B.    *Patterson's Untimely Motion to Vacate the Judgment*

On July 19, 2021, Patterson filed a motion to vacate the judgment based on the same unsuccessful arguments she had raised in her opposition to the motion for summary judgment. Specifically, she argued the deeds were ineffective because she didn't record them and because she lacked an intent to transfer title when she executed them.

At a hearing on August 9, 2021, the judge dismissed the motion for lack of jurisdiction under California Code of Civil Procedure section 663a. (Unlabeled statutory citations refer to this code.) The judge based this conclusion on the fact that (1) Patterson had filed the motion after the 15-day deadline in section 663a, subdivision (a)(2) had passed and (2) the hearing on the motion did not take place until after the jurisdictional deadline in section 663a, subdivision (b). Under that provision, the court's power to rule on a motion to vacate the judgment expires 75 days after the moving party is served by any party with the notice of entry of the judgment. Because Laing's served Patterson on May 10, 2021, the August 9 hearing took place well outside the 75-day window. (§ 663a, subd. (b).)

C.      *Patterson's Untimely Motion to Reconsider*

On October 8, 2021, Patterson filed another post-judgment motion, which she incorrectly styled as a section 473, subdivision (b) motion for relief from mistake. In substance, Patterson's motion was a motion to reconsider the judgment under section 1008 because she argued the judgment was the product of *the judge's* mistake of giving legal effect to the deeds.

On November 15, 2021, the judge deemed Patterson's motion a motion for reconsideration and denied it as untimely because Patterson had not filed it within 10 days of service of notice of entry of the relevant order, as the statute requires. (§ 1008, subd. (a).) The judge also concluded the motion failed on its merits because Patterson failed to present new facts or law entitling her to relief.

Patterson filed a notice of appeal on November 30, 2021.

## II

## ANALYSIS

As a threshold matter, Laing's argues we lack jurisdiction to decide the appeal because Patterson's notice of appeal is untimely. We agree.

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]" (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56; Cal. Rules of Court, rule 8.104(b), unlabeled rule citations refer to the California Rules of Court.) Here, the notice of appeal identifies the order being appealed as the

4

November 15, 2021 order denying Patterson's "Motion to Set Aside and/or Vacate Judgment." As we've seen, however, the judge dismissed Patterson's motion to vacate the judgment on *August 9, 2021*, not on November 15, 2021. The order dated November 15 is the one denying her (incorrectly titled) motion for reconsideration. Confusing matters further, Patterson's opening brief challenges the judgment only and doesn't address either of the orders denying her postjudgment motions. In any event, the notice of appeal is untimely whichever way we construe it.

A notice of appeal from a judgment must be filed on or before the earliest of (1) 60 days after the trial court's mailing of the notice of entry of judgment; (2) 60 days after a party's service of the notice of entry of judgment; or (3) 180 days after entry of judgment. (Rule 8.104(a).) Rule 8.108 extends this deadline in the event a timely motion to vacate the judgment or to reconsider an appealable order has been filed. (Rule 8.108(c) & (e).) Late filed motions do not trigger rule 8.108. (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 108-109; *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 135-136; *Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1107-1109.)

Applying these rules here, if we construe the November 30, 2021 notice as appealing from the judgment, Patterson was required to file her notice of appeal by July 9, 2021. That date is 60 days after May 10, 2021, when Laing's served Patterson with the notice of entry of the judgment. (Rule 8.104(a)(1)(B).) November 30 is well past that 60-

day deadline; it's even past the 180-day deadline, which, had it applied, would have fallen on November 6.

The deadline to appeal is the same—July 9, 2021—even if we construe the notice of appeal as appealing from either of the orders denying Patterson's unsuccessful postjudgment motions. This is because Patterson filed both motions late and therefore the extensions in rule 8.108 do not apply.

A motion to vacate the judgment must be filed within 15 days of service of the notice of entry of judgment (May 10, 2021). (§ 663a, subd. (a).) In order to be timely, Patterson's motion needed to be filed by May 25, 2021, but she didn't file it until July 19, 2021. And Patterson's motion to reconsider was even later. Such motions must be filed within 10 days of the notice of entry of the relevant order, which here was January 21, 2021—the date Laing's served Patterson with notice of entry of the order granting summary judgment. (§ 1008, subd. (a).) Patterson didn't file the motion until nearly 10 months later, on October 8, 2021.

We conclude Patterson's appeal is untimely no matter how we construe her notice of appeal and that neither of her postjudgment motions extended the deadline to appeal. As a result, we have no jurisdiction to consider the merits of her challenge and must dismiss the appeal.

# III

# DISPOSITION

We dismiss the appeal as untimely. In the interests of justice, the parties shall bear their own costs on appeal. (Rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

CODRINGTON
Acting P. J.

RAPHAEL
J.