[No. H027093. Sixth Dist. Dec. 19, 2005.]

SAFECO INSURANCE COMPANY OF ILLINOIS, Plaintiff and Appellant,
v.
ARCHITECTURAL FACADES UNLIMITED, INC., et al., Defendants and Respondents.

## Counsel

The Cole Law Firm and Stephen N. Cole for Plaintiff and Appellant.

Homan & Stone, Gene S. Stone, John P. Garcia; Van De Poel & Levy and Frederick A. Hagen for Defendants and Respondents.

## Opinion

**RUSHING, P. J.**—This is an appeal from a judgment entered after the trial court granted defendants', Denvick Drywall Systems and Michael James Le Deit, motions for summary judgment. After the trial court filed the order granting the motions, the plaintiff, Safeco Insurance Company of Illinois, filed a motion for reconsideration. Several days later, the defendants presented the trial court with a judgment which the court signed and filed. Despite the entry of judgment, the trial court went forward with the motion for reconsideration as originally scheduled. After the trial court denied the motion, the plaintiff filed its notice of appeal. The defendants filed a motion

in this court to dismiss the appeal as untimely and for sanctions. Finding the appeal untimely pursuant to rules 2 and 3 of the California Rules of Court,[1] we will dismiss the appeal and deny the motion for sanctions.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's notice of appeal, filed February 4, 2004, purports to appeal "from a judgment entered on December 8, 2003, after an order granting a summary judgment motion." The relevant sequence of events is as follows.

October 28, 2003: The trial court issues its order granting the motion for summary judgment.

November 7, 2003: Plaintiff files its motion for reconsideration of the order granting summary judgment, setting a hearing date for January 22, 2004.

November 10, 2003: Trial judge signs the judgment presented by the defendants.

November 24, 2003: The judgment is entered.

December 1, 2003: The notice of entry of judgment is served.

December 8, 2003: The notice of entry of judgment is filed.

January 22, 2004: The trial court hears plaintiff's motion for reconsideration as previously set.

January 22, 2004: The trial court signs and files the order denying the motion for reconsideration.

February 5, 2004: Plaintiff files its notice of appeal.

While the appeal was in briefing, the defendants filed a motion to dismiss the appeal as untimely filed pursuant to rules 2 and 3. We now consider the motion with the substantive appeal.[2]

DISCUSSION

In their motion defendants contend that the notice of appeal was untimely because the notice of entry of judgment was served on December 1, 2003,

---

[1] All further rules references will be to the California Rules of Court, unless otherwise specified.

[2] Because we dismiss the appeal as untimely we will not address the merits of the appeal.

and the notice of appeal was not filed until February 5, 2004. Under rule 2, they assert, plaintiff was required to file its notice of appeal no later than 60 days from the service of the notice of entry of judgment, or January 30, 2004. Plaintiff argues that its notice of appeal was timely because the motion for reconsideration extended the time for filing an appeal. Plaintiff is incorrect.

*It Is Undisputed That the Appeal Was Untimely Under Rule 2*

Pursuant to rule 2, a plaintiff has 60 days from the date the notice of entry of judgment is served in which to file a notice of appeal. The notice of entry of judgment was served on December 1, 2003. Sixty days from the date of service of entry of judgment was January 30, 2004. Here plaintiff did not file the notice of appeal until February 5, 2004. Defendant correctly contends and plaintiff does not dispute that the notice of appeal was not filed within the time allowed by rule 2.

*Motion for Reconsideration Did Not Extend the Time to File the Notice of Appeal*

The question before us is whether the motion for reconsideration extended the time to file the notice of appeal, as plaintiff contends. Prior to 2002, rule 3 did not specifically provide for an extension of time to file an appeal where a motion for reconsideration was filed. As a result, the courts were split as to whether such an extension was proper. (See, e.g., *Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d 1151, 1159–1160 [250 Cal.Rptr. 435] [equated motions for reconsideration with motions for new trial and motions to vacate judgment for reasons of policy]; *Conservatorship of Coombs* (1998) 67 Cal.App.4th 1395, 1398 [79 Cal.Rptr.2d 799] [concluded that allowing extension of time to file appeal based on motion for reconsideration was legislative matter].)

In 2002, the Judicial Council amended rule 3 to add subdivision (d).[3] This new subdivision, in relevant part, extends the time to appeal where the appellant has filed a valid motion to reconsider pursuant to Code of Civil Procedure section 1008, subdivision (a). In adding subdivision (d) to rule 3,

---

[3] Rule 3(d) provides, "If any party serves and files a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the earliest of:

"(1) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order;

"(2) 90 days after the first motion to reconsider is filed; or

"(3) 180 days after entry of the appealable order."

the Judicial Council sought to resolve the split in authority created by the absence of the rule, and expressed an intent that this substantive change, "encourage recourse to the trial court for relief from an appealable order; [and] . . . obviate the need for an appeal. [Citation.]" (Advisory Com. com. to rule 3(d).)

Here, plaintiff did seek recourse from the trial court when it timely filed and served its motion for reconsideration of the October 28, 2003 order granting summary judgment on November 7, 2003. That motion was heard and denied on January 22, 2004. Defendants first contend that rule 3(d) does not apply herein because a motion to reconsider an underlying order does not extend the deadline to appeal from a judgment under rule 3. Plaintiff's motion, they claim, was from the underlying order, not the judgment which is on appeal. Defendants argue that because plaintiff did not file a motion to reconsider an *appealable order* as required by the rule, they cannot rely on the rule 3(d) for an extension. The Advisory Committee Comment to rule 3(d) states, in relevant part, that the rule, "applies to any 'appealable order,' whether made before or after judgment (see Code Civ. Proc., § 904.1, subd. (a)(2) to (12)), but it extends only the time to appeal 'from that order.' *The revised subdivision thus takes no position on whether a judgment is subject to a motion to reconsider* (see, e.g., *Ramon v. Aerospace Corp.* [*supra,* at p.] 1236–1238.)" (Advisory Com. com to rule 3(d), italics added.) The committee further indicated that whether a judgment is subject to a motion to reconsider is a "legislative matter." (*Ibid.*) Therefore, we note only that the legislative intent behind subdivision (d) of rule 3, of avoiding appeal by allowing the trial court to reconsider its orders, would be furthered by allowing an extension where the losing party files a motion to reconsider the order granting summary judgment, even though the appeal is ultimately from the judgment entered based on that order. Realistically, parties will not opt to pursue reconsideration if they fear losing their appellate remedies.

Assuming, for the sake of argument, that the motion to reconsider herein was of the nature contemplated by subdivision (d) of rule 3, and plaintiff was entitled to an extension, it would have had until the earlier of 30 days from the date the order was served February 23, 2004 (rule 3(d)(1)); or 90 days from the date the motion was first filed February 5, 2004 (rule 3(d)(2).) Since February 5, 2004, is the earlier of the two dates, a rule 3 extension would have made plaintiff's notice of appeal, filed on February 5, 2004, timely.

However, under the circumstances here, plaintiff cannot benefit from a rule 3 extension. Three days after the plaintiff filed and served its motion for reconsideration, setting the hearing for January 22, 2004, the trial court

signed the judgment which was later entered on November 24, 2003, two months before the motion for reconsideration was set to be heard. It is well settled that entry of judgment divests the trial court of authority to rule on a motion for reconsideration. (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1237–1238 [58 Cal.Rptr.2d 217].) "Moreover, if the trial court has no power to rule on a reconsideration motion after judgment, such a motion can have no effect on the period within which to file a notice of appeal." (*Id.* at p. 1238, fn. omitted.) As soon as the trial court entered judgment on November 24, 2003, it lost jurisdiction to consider the motion for reconsideration. Therefore, the motion for reconsideration can have no effect on the plaintiff's period of time to file a notice of appeal. The fact that the court proceeded to hear the motion on January 22, 2004, and enter an order, demonstrates only that none of the parties nor the trial court was aware that it lacked jurisdiction to hear the motions. It does not act to give plaintiff the benefit of the rule 3 extension.

Even if we were to consider the entry of judgment as having the effect of denying the motion for reconsideration by implication, plaintiff's notice of appeal would still be untimely. (*Ramon v. Aerospace Corp.*, *supra*, 50 Cal.App.4th at p. 1238; *Nave v. Taggart* (1995) 34 Cal.App.4th 1173, 1176–1177 [40 Cal.Rptr.2d 714], disagreed with on other grounds in *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 691 [68 Cal.Rptr.2d 228] [response to rehearing].) Notice of entry of judgment was filed on November 24, 2003. If the motion is deemed denied on that day, plaintiff would have had 30 days from that date, or December 24, 2003, in which to file his appeal. (Rule 3(d)(1).)[4] Since this date is actually earlier than the rule 2 date, rule 3 does not provide an extension under these circumstances either.

■ Under any circumstances, plaintiff cannot rely on rule 3 to extend its time to file the notice of appeal. Plaintiff was bound by the 60 days allowed by rule 2. Since it failed to file a notice of appeal within 60 days of the date of service of notice of entry of judgment, the February 5, 2004 notice of appeal was untimely.

*Sanctions Are Inappropriate*

Finally, both defendants request that we award them sanctions under Code of Civil Procedure section 907 and rule 27(e) because they contend that plaintiff refused to dismiss its appeal despite the fact it was untimely. Even

---

[4] Rule 3(d)(2) would not be applicable because it would not provide the date which is the "earliest of" the three subdivisions.

though we conclude that the appeal is untimely, under the circumstances of this case sanctions are not appropriate.

It is unclear from the record whether the defendants submitted the judgment for signature before or after the plaintiff filed its motion for reconsideration. In either case, however, neither party notified the trial court that the motion was pending or objected to the filing of the judgment while the motion was pending. At best, neither party nor the trial court realized that the entry of judgment divested the court of jurisdiction to consider the motion. At worst, the defendants intentionally submitted the judgment within days of the filing of the motion to reconsider specifically to divest the court of jurisdiction to consider the reconsideration motion. This is impossible to determine on the record before us.

However, irrespective of the plaintiff's failure to object, the trial court itself should have recognized that it had a motion to reconsider pending. While the motion was pending, it should have either held the judgment or taken the motion for reconsideration off calendar. Because it did neither, but instead went forward with the motion to reconsider on January 22, 2004, it appears from the record that the trial court mistakenly divested itself of jurisdiction to hear the motion to reconsider.

This case illustrates an unfortunate but common situation which has arisen since the Judicial Council enacted rule 3(d). Trial courts are signing judgments while motions to reconsider are pending, or before the time to file a motion to reconsider has expired. Doing so divests it of jurisdiction to hear the motion, creates confusion among parties as to appellate deadlines, and contravenes direct legislative intent to have motions to reconsider heard so as to obviate the need for appeal.

Because the Judicial Council has specifically expressed its desire to grant parties an opportunity to bring motions to reconsider prior to filing an appeal, the trial court should not enter judgment while a timely motion for reconsideration is pending, unless by so entering a judgment the court intends to deny the motion for reconsideration by implication. If the trial court had held the judgment, pending the resolution of the reconsideration motion, or had at least recognized that, by entering judgment, it had lost jurisdiction to hear the motion, no problem with the timing of the appeal would have arisen. While the plaintiff is responsible for properly calculating the timing of the appeal, the trial court's conduct herein substantially contributed to the parties' confusion. Therefore, sanctions are inappropriate.

## DISPOSITION

The appeal is dismissed as untimely. The request for sanctions is denied.

Premo, J., and Elia, J., concurred.

A petition for a rehearing was denied January 17, 2006, and appellant's petition for review by the Supreme Court was denied March 15, 2006, S140974. George, C. J., did not participate therein.