Filed 11/4/14  Moore v. PMC Bancorp CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| HYOJA AKIKO MOORE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>PMC BANCORP,<br><br>        Defendant and Respondent. | A139519<br><br>(Contra Costa County<br>Super. Ct. No. MSC11-01677) |

Hyoja Akiko Moore appeals from a judgment dismissing PMC Bancorp (PMC) in a wrongful foreclosure suit following the sustaining of PMC's demurrer to her complaint without leave to amend.  We find the notice of appeal was not timely filed and dismiss the appeal.

## I.  BACKGROUND

### A.  *Facts*[1]

In January 2007, Moore borrowed $428,000 from PMC, securing the loan with a trust deed on property located on Canyon Drive in Pinole, California.  Effective a short time after Moore's loan closed, PMC transferred the servicing rights to another entity, and the loan and deed of trust were transferred to a securitized trust, with U.S. Bank, N.A. (U.S. Bank) as its trustee.  The servicing rights were transferred to Aurora Loan Services, LLC (Aurora) effective May 1, 2007.  Commonwealth Land Title Company was the original trustee under the trust deed and Mortgage Electronic Registration

---

[1] The facts are drawn from the record in a related appeal.  (*Moore v. Aurora Loan Services, LLC* (Mar. 28, 2014, A137220) [nonpub. opn.] (*Moore I*).)

Systems, Inc. (MERS) was named beneficiary as nominee for lender and lender's successors and assigns.

Moore defaulted on the loan a few years later. A notice of default was recorded. MERS assigned its interests under the trust deed to Aurora. Aurora then substituted Quality Loan Service Corporation (Quality Loan) for Commonwealth Land Title Company as trustee. Quality Loan recorded a notice of trustee's sale. The property was sold at the trustee's sale to Aurora on November 10, 2011, and a trustee's deed upon sale was duly recorded. Moore was evicted on or about June 21, 2012.

**B. *Trial Court Proceedings***

Moore filed her original complaint in July 2011, before the trustee's sale. She followed it shortly thereafter with an amended complaint. Following the trustee's sale, Moore sought leave to file a second amended complaint (SAC), which was granted. The SAC asserted six causes of action and named PMC, Aurora, Quality Loan, and U.S. Bank, among others, as defendants. The SAC asserted causes of action against PMC for (1) misrepresentation, (2) breach of contract, (3) wrongful foreclosure, (4) unjust enrichment, and (5) quiet title.

Defendants Aurora, U.S. Bank, and Quality Loan all successfully demurred to the SAC, and were dismissed from the action with prejudice by February 2013. We reviewed the trial court's rulings on these demurrers and affirmed the ensuing judgments of dismissal in *Moore I, supra*, A137220. PMC filed a demurrer to the SAC on March 7, 2013.

PMC's demurrer was heard and sustained without leave to amend on April 24, 2013. The order sustaining the demurrer was filed on June 6, 2013, and a judgment of dismissal was entered on June 10, 2013. PMC served Moore by mail with notice of entry of the judgment on the same day, June 10, 2013, accompanied by the proof of service. On July 9, 2013, Moore filed a notice of motion and motion for the trial court to "reconsider its ruling of May __, 2013 granting a Demurrer and dismissing her Complaint

2

against defendant PMC. [¶] . . . based on [Code of Civil Procedure] section 1008 . . . .”[2] Moore filed a notice of appeal from the judgment of dismissal on August 14, 2013. Her motion for reconsideration was denied on January 24, 2014 in part on the grounds that it was untimely.

## II. DISCUSSION

For the reasons explained below, we find Moore's notice of appeal was untimely and the appeal must be dismissed.

California Rules of Court, rule 8.104(a)(1) provides in pertinent part as follows: "*Unless a statute,* [*or*] *rule 8.108 . . . provides otherwise*, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) *60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service*; or [¶] (C) 180 days after entry of judgment." (Italics added.)

California Rules of Court, rule 8.108(e), provides in relevant part as follows: "*If any party serves and files a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a)*, the time to appeal from that order is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." (Italics added.)

Our jurisdiction to hear Moore's present appeal requires strict compliance with the time period for filing notices of appeal established by California Rules of Court, rules 8.104 and 8.108. Timely filing of the notice is an indispensable prerequisite to the

---

[2] This court granted Moore's motion to augment the record which contained documentation showing the moving papers were mailed to the trial court from Moore's home in New Jersey on June 24, 2013, and were received by the court on June 27, 2013.

appellate court's power to entertain the appeal. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56; *Janis v. California State Lottery Com.* (1998) 68 Cal.App.4th 824, 828–829.) Except for certain public emergencies, we have no authority to excuse a tardy notice of appeal. (Cal. Rules of Court, rule 8.104(b); *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674.)

Unless extended by operation of California Rules of Court, rule 8.108(e), Moore had until Friday, August 9, 2013—the 60th day after June 10, 2013—to file her notice of appeal. Her notice of appeal was not in fact filed until five days later, on August 14. If rule 8.108(e) applied, it would have extended the deadline for Moore to file her notice of appeal until well after August 14, 2013, no matter which of the three potential deadlines described in the rule was considered the earliest. The issue before us is whether Moore's motion for reconsideration was in fact "a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a)" for purposes of rule 8.108(e). It was not.

The word "valid" as used in California Rules of Court, rule 8.108(e) means " 'the motion or notice complies with all procedural requirements[, but] does not mean that the motion or notice must also be substantively meritorious.' " (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047, quoting from Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2009 supp.) foll. rule 8.108, p. 84, italics omitted.) Numerous cases hold a motion to reconsider is not valid, and does not operate to extend the time to appeal, if it is filed *after the final judgment is signed*. (*Branner*, at p. 1048; *Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545; *Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1481–1482; *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236–1238; *Crotty v. Trader* (1996) 50 Cal.App.4th 765, 771.) The signed judgment of dismissal in this case was entered on June 10, 2013. Moore's notice of motion and motion for reconsideration was received by the court more than two weeks *after* entry of the judgment, and was not filed

4

until almost two weeks later.[3]  Under the case law, it was not a valid motion for reconsideration under rule 8.108(e) and it did not operate to extend the time for Moore to file her notice of appeal.

While appellate courts have on rare occasions decided to treat postjudgment motions for reconsideration as  motions for a new trial, the general rule is that appellate courts "should not construe a motion expressly identified as being a particular motion to be an entirely different motion in the appellate court" absent a showing of "extremely good cause."  (*Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1608, 1610 [finding extremely good cause due to earlier decisions approving of procedure used by plaintiff]; see *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575 ["statutory procedures for making and determining a motion for new trial are mandatory and jurisdictional: strict, literal compliance is required," refusing to construe invalid motion to vacate as a motion for a new trial for purposes of extending time to appeal].)  No such showing of "extremely good cause" has been made here.

The fact Moore is a pro se litigant does not constitute good cause to save her untimely appeal.  "Under the law a party may choose to act as his or her own attorney. [Citations.]  '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.  [Citation.]' [Citation.]  Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure.  (*Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98; *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193 [self-represented party 'held to the same restrictive procedural rules as an attorney']; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639 [same].)"  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Because the notice of appeal was not filed within the 60 days allowed by California Rules of Court, rule 8.104(a) and the 60-day period was not extended by

---

[3] We do not know why the filing was delayed from June 27 to July 9, 2013, but assume for purposes of analysis the motion was or should have been filed on the earlier date.

Moore's invalid, postjudgment motion for reconsideration, the appeal is untimely and must be dismissed.

## III.  DISPOSITION

The appeal is dismissed.

_____
Margulies, J.

We concur:

_____
Humes, P.J.

_____
Banke, J.