Filed 11/17/14  Pullen v. Unger CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CARL M. PULLEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>JON N. UNGER et al.,<br><br>        Defendants and Respondents. | A137367<br><br>(Solano County<br>Super. Ct. No. FCS036660) |

Invoking Code of Civil Procedure sections 1008 and 473, subdivision (b),[1] Carl M. Pullen sought relief in the trial court from an order and judgment dismissing his complaint against respondents.  The trial court entered the dismissal because Pullen had failed to file an amended complaint within the 30-day deadline set by section 472b after this court, in a prior appeal in this action, reversed and remanded an earlier order sustaining without leave to amend a demurrer filed by respondents.

Pullen admits he failed to file a timely amended complaint because he was ignorant of the statutory deadline.  He nevertheless contends he was entitled to relief under section 473, subdivision (b) because his failure to do so was the result of his ignorance of the law.  We disagree and accordingly affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2010, Pullen sued respondents Unger, Urquhart, and the law firm of Hubbard, Unger & Urquhart (hereafter collectively "Unger") for legal malpractice in

_____

[1] All statutory references are to the Code of Civil Procedure.

connection with Unger's representation of Pullen in his divorce. Unger demurred on the ground that Pullen's complaint was barred by the statute of limitations, and the trial court sustained the demurrer without leave to amend. It dismissed Pullen's complaint with prejudice and entered judgment in favor of Unger.

Pullen appealed to this court, and on July 6, 2012, we reversed the judgment of dismissal in an unpublished opinion. (*Pullen v. Unger* (July 6, 2012, A132389) [nonpub. opn.] (*Pullen I*).) We concluded the trial court had properly sustained the demurrer but erred by denying Pullen leave to amend. (*Id*. at pp. 1, 8-9.) Our disposition stated: "The judgment of dismissal is reversed, with directions to the trial court to sustain [Unger's] demurrer to [Pullen's] complaint, with leave to amend." (*Id*. at p. 10.) The clerk of this court mailed notice of the issuance of the remittitur on September 10, 2012. Under section 472b, Pullen then had 30 days from the mailing of that notice in which to file any amended complaint.[2]

When Pullen failed to file an amended complaint within the time allowed by section 472b, Unger filed an ex parte application for an order dismissing Pullen's complaint. Unger notified Pullen of the ex parte hearing on October 15, 2012. Pullen appeared by telephone at the October 16, 2012 hearing on Unger's application and stated his arguments in opposition to dismissal.

The trial court granted Unger's application for dismissal in an order dated October 16, 2012. The order explained that Unger had applied for an order dismissing the complaint pursuant to section 581, subdivision (f)(2). (§ 581, subd. (f)(2) [authorizing trial court to dismiss a complaint against a defendant when "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."].) It noted that this court had mailed notice of issuance of the remittitur on September 10, 2012, but Pullen did not file

---

[2] Section 472b provides in pertinent part: "When an order sustaining a demurrer without leave to amend is reversed or otherwise remanded by any order issued by a reviewing court, any amended complaint shall be filed within 30 days after the clerk of the reviewing court mails notice of the issuance of the remittitur."

an amended complaint within the 30-day time period required by section 472b. The order concluded by stating: "The Court hereby dismisses [Pullen's] complaint with prejudice and enters judgment in favor of [Unger]." Counsel for Unger served notice of entry of the order on Pullen on October 23, 2012, by certified mail and received a return receipt signed by Pullen confirming that delivery had been made.

On October 25, 2012, citing section 1008, Pullen filed a motion to reconsider the court's order sustaining the demurrer and dismissing his complaint.[3] Pullen argued the trial court had ignored this court's directions by entering the order for a final judgment of dismissal without first entering an interim order sustaining Unger's demurrer with leave to amend. The next day, Pullen served what he termed "supplements" to his motion, memorandum of points and authorities, and declaration in support of the motion. The supplement to the motion stated that "at the hearing on his motion for [*sic*] reconsider dismissal and sustain defendant's demurrer with leave to amend, as an alternative argument, PULLEN will seek relief under the provisions of § 473(b)[.]"[4] Pullen admitted he "was ignorant [of] § [472b] and missed it completely[.]"

Pullen filed a notice of appeal on December 17, 2012. The notice states that the order from which his appeal is taken was entered on October 16, 2012. This is the order granting Unger's application for dismissal. The notice of appeal states it is also seeking appellate review of the "Motion to Set Aside the Judgment of Dismissal Under CCP 473 and 1008."

---

[3] Section 1008, subdivision (a) provides in relevant part: "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order."

[4] That section provides in pertinent part: "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).)

On January 17, 2013, the trial court denied Pullen's motion for reconsideration. It did so on both procedural and substantive grounds. With regard to procedure, the court ruled it was "divested of jurisdiction to consider a motion for reconsideration after entry of judgment." It went on to note that, even if it had jurisdiction to consider the motion, it would deny it on substantive grounds, since the motion presented no new or different facts or law. To the extent Pullen sought relief under section 473, subdivision (b), the court found he had "not established any basis for a finding of mistake, inadvertence, or excusable neglect." In this regard, Pullen's "ignorance of the law requiring him to amend his complaint within 30 days of the issuance of the remittitur does not support a set aside order under section 473."

DISCUSSION

At the outset, we clarify what is and is not at issue in this appeal. Pullen raises various challenges the trial court's denial of his motion for reconsideration, but his opening brief concedes he failed to comply with section 472b and did not amend his complaint within the 30-day time limit imposed by that section. He made a similar concession in the trial court. Thus, there is no question that the trial court properly entered an order of dismissal after Pullen failed to amend within the statutory deadline. (See § 472b ["any amended complaint *shall be filed within 30 days* after the clerk of the reviewing court mails notice of the issuance of the remittitur"], italics added; *Pagarigan v. Aetna U.S. Healthcare of California, Inc.* (2007) 158 Cal.App.4th 38, 43 (*Pagarigan*).)

Moreover, "[i]t is well settled that entry of judgment divests the trial court of authority to rule on a motion for reconsideration." (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1482 [trial court lost jurisdiction to rule on pending motion for reconsideration when it entered judgment].) Since the trial court had already entered judgment when Pullen filed his motion for reconsideration, it had no jurisdiction to entertain Pullen's request for relief under section 1008. Its ruling that Pullen's request under that section was procedurally improper was therefore unquestionably correct.

4

This appeal therefore concerns only the propriety of the trial court's ruling on Pullen's request for relief under section 473, subdivision (b).[5] We will address the arguments Pullen raises with regard to that ruling.

I.      *No Statement of Decision Was Required.*

Pullen contends the trial court erred by failing to issue a statement of decision on his motion for reconsideration. As we have explained, however, "[t]he requirement of a written statement of decision generally does not apply to an order on a motion, even if the motion involves an evidentiary hearing and even if the order is appealable." (*Lien v. Lucky United Properties Investment, Inc.* (2008) 163 Cal.App.4th 620, 623-624.) Pullen cites no case requiring a trial court to issue a statement of decision on a motion brought under either section 1008 or section 473.

In any event, the only indications that Pullen was requesting a statement of decision were the words "STATEMENT OF DECISION REQUESTED" in the captions of his supplement to his memorandum of points and authorities and his reply in support of his motion for reconsideration. Such a cursory request complies neither with the Code of Civil Procedure nor the California Rules of Court. (See § 632 ["The request for a statement of decision *shall specify those controverted issues as to which the party is requesting a statement of decision*."], italics added; Cal. Rules of Court, rule 3.1590(d) ["The principal controverted issues *must be specified in the request*."], italics added.)

---

[5] Unger contends the trial court's order denying Pullen's motion for reconsideration is not appealable. It is true that a ruling on such a motion "is not *separately* appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (§ 1008, subd. (g), italics added.) In this case, Pullen filed a timely appeal from the October 16, 2012 order of dismissal. That is an appealable order, and thus the denial of Pullen's motion for reconsideration would be reviewable as part of the appeal from the order dismissing his complaint. (*Ibid.*)

In addition, we note that Pullen's December 17, 2012 notice of appeal is premature since it was filed prior to the actual entry of the order denying his motion for reconsideration, which occurred on January 17, 2013. Nevertheless, we may treat the premature notice of appeal as timely since it was filed after the trial court announced its intended decision on November 20, 2012. (Cal. Rules of Court, rule 8.104(d)(2), (e).)

5

II.     *The Trial Court Properly Denied Pullen's Request for Relief Under Section 473, Subdivision (b).*

The trial court denied Pullen's request for relief under section 473, subdivision (b) because it concluded Pullen had presented no different facts or law to justify relief. Pullen argues this was error for a number of reasons, but we find none of them persuasive. Our review is limited to determining whether the trial court abused its discretion in denying the motion. (*Pagarigan, supra,* 158 Cal.App.4th at p. 44.)

Pullen first contends he did not have an opportunity to present his facts or make a legal argument at the ex parte hearing on Unger's application for dismissal. To begin with, Pullen did appear by telephone at the hearing on Unger's application and was able to present argument, including argument concerning section 472b. More importantly, in ruling on Pullen's request for relief under section 473, subdivision (b), the trial court was concerned not with the arguments Pullen presented at the ex parte hearing, but rather with whether he had shown excusable neglect in his request for relief under that statute. We therefore turn to the arguments Pullen makes in support of a finding of mistake or excusable neglect.

In the trial court, Pullen first contended the court's entry of dismissal was inconsistent with our remittitur in *Pullen I.* He later properly acknowledged that this argument was "off point." (See *Pagarigan, supra,* 158 Cal.App.4th at pp. 42-43 [rejecting claim of conflict between appellate court's remittitur and deadline set by § 472b].) Pullen therefore changed his theory and filed a declaration "explaining what mistakes he made and why he made them." He admitted he was ignorant of section 472b and claimed he had searched for information on the Judicial Council's web site, read the appellate rules regarding issuance of the remittitur, and called the clerk's office of the Solano County Superior Court for information.

Pullen argues in this court that his mistakes, which were the result of his admitted ignorance of the law, are a proper basis for setting aside a judgment under section 473, subdivision (b). Not so. Mistake is not a ground for relief under the statute when it is simply the result of general ignorance of the law. (*Henderson v. Pacific Gas & Electric*

6

*Co.* (2010) 187 Cal.App.4th 215, 229.) "An 'honest mistake of law' can provide 'a valid ground for relief,' at least 'where a problem is complex and debatable,' but relief may be properly denied where the record shows only 'ignorance of the law coupled with negligence in ascertaining it.' " (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1412-1413.)  Here, the legal issue as to which Pullen was mistaken was in no sense either complex or debatable.  The language of section 472b sets a clear and mandatory 30-day deadline for filing an amended complaint after the clerk of the reviewing court mails notice of issuance of the remittitur.  We agree with the court in *Pagarigan* that this "mistake of law was unreasonable." (*Pagarigan, supra,* 158 Cal.App.4th at p. 44.)  The statute is clear, and if Pullen was uncertain as to its application, he " 'should have filed something' " in the superior court.  (*Ibid.*)

Pullen seeks to place the blame for his mistake on the clerk's office of the Solano County Superior Court, which allegedly misled him by telling him the trial court was in the process of issuing an amended order sustaining his demurrer with leave to amend.  At the same time, however, he concedes "it was his ignorance of the governing statute, [section 472b], which *caused* his default and the dismissal of his complaint[.]"  (Italics added.)  While Pullen ascribes part of the fault to the court clerk, in his declaration below, he did not claim the clerk actually advised him to wait for preparation of an amended order before filing an amended complaint.  This is therefore not a case in which the clerk gave out demonstrably incorrect information.  (Cf. *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 978, 982-984 [clerk's office provided indisputably incorrect information about amount of filing fee].)  In any event, Pullen cited the clerk's alleged provision of inaccurate information in support of his argument that the trial court had disobeyed this court's remittitur by refusing to issue an "interim order."  As noted earlier, he then conceded that this argument was "off point" and relied instead on his ignorance of the statutory requirements.

Finally, Pullen is not entitled to any greater leniency because he is proceeding in propria persona.  "The law does not entitle a party to proceed experimentally without counsel and then turn back the clock if the experiment yields an adverse result.  One who

7

voluntarily represents himself 'is not, for that reason, entitled to any more (or less) consideration than a lawyer.  Thus, any alleged ignorance of legal matters or failure to properly represent himself can hardly constitute "mistake, inadvertence, surprise or excusable neglect" as those terms are used in section 473.'  [Citation.]  Rather, 'when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel.'  [Citation.]"  (*Hopkins & Carley v. Gens, supra,* 200 Cal.App.4th at p. 1413.)

DISPOSITION

The orders from which the appeal is taken are affirmed.  Respondents shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.