Filed 10/16/25  Russo v. Dinneen CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ROCCO RUSSO, a Minor, etc., et al., | D084830 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2021-00035608-CU-PO-CTL) |
| PATRICK DINNEEN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, James A. Mangione, Judge.  Dismissed.

Sorrentino & Associates, Paul F. Sorrentino, and Vincent P. Sorrentino, for Plaintiffs and Appellants.

Donohoo Rhine, Rodney L. Donohoo and Kevin T. Rhine, for Defendants and Respondents.

## I. INTRODUCTION

This case presents a situation in which because of deadlines and rules imposed by the Code of Civil Procedure[1] and the California Rules of Court, Rocco, Stella, and Luca Russo (collectively, appellants) are unable to proceed

---

[1]    All further statutory references are to the Code of Civil Procedure.

with this appeal. Here, appellants filed a complaint for wrongful death of their mother. Defendants Patrick and Meiko Dinneen (collectively, respondents) brought a motion for summary judgment, which the trial court granted. Appellants filed a motion for reconsideration. However, before it could be heard the trial court entered judgment in the case. Entering judgment deprived the trial court of jurisdiction to rule on the pending motion for reconsideration. Apparently aware of this jurisdictional bar to hearing appellants' reconsideration motion, the trial court attempted to handle the motion by granting appellants' request to construe it as a motion for new trial. However, when the trial court could get to the motion for new trial, the time to hear it had expired and the motion for new trial was already denied by operation of law.

Then, appellants sought to appeal the trial court's rulings on the motions for summary judgment and reconsideration. Appellants filed a notice of appeal. But it was now outside the 60-day deadline to file after notice of the original judgment's entry. We conclude the notice of appeal is untimely under the normal time to appeal, and the potential extensions of any deadline provided by either a motion for reconsideration or new trial do not offer appellants any relief. We therefore dismiss the appeal.

## II. BACKGROUND

Appellants are minors. In 2021, through a guardian ad litem, appellants sued respondents, their grandparents, for various causes of action regarding the death of their mother, Patricia McDonough.

Appellants filed the operative second amended complaint (SAC) in 2023, which contained a single cause of action against respondents for

2

wrongful death.[2]  The SAC alleged that McDonough fell while at respondents' house; paramedics arrived and advised McDonough to go to the hospital; at McDonough's request, respondents agreed to drive McDonough to the hospital; respondents then chose not to take McDonough to the hospital despite knowing she was injured and had ingested illegal drugs; and McDonough died the next morning due to a head injury and lack of care.

Respondents moved for summary judgment on the SAC, asserting that appellants could not establish duty, breach, or causation.  Respondents also asserted their affirmative defenses of assumption of the risk, superseding/intervening cause, and comparative negligence shielded respondents from liability.  Appellants did not dispute that an autopsy indicated McDonough died of an accidental drug overdose without any external or internal trauma.

On March 2, 2024, the trial court granted respondents' motion for summary judgment, finding no triable issues of fact regarding causation.  On March 28, 2024, appellants filed a motion for reconsideration of that ruling pursuant to section 1008, subdivision (a) (section 1008(a)), and the trial court's inherent powers "[t]o amend and control its process and orders so as to make them conform to law and justice."  (§ 128, subd. (a)(8); *Francois v. Goel* (2005) 35 Cal.4th 1094, 1109).  Appellants disputed the trial court's causation determination and argued they had new evidence on that issue from a medical expert.  The motion was calendared for July 26, 2024.

However, on April 9, 2024, the trial court entered judgment dismissing the SAC.  Respondents served notice of the judgment's entry on April 17, 2024.

---

[2]    The SAC also named as defendants McDonough's daughters, Caitlin and Mia McDonough, but they are not a party to this appeal.

On July 10, 2024, respondents filed an ex parte application to vacate the reconsideration motion date. They argued the trial court lacked jurisdiction to hear the motion based on the entry of judgment. At the ex parte hearing the next day, appellants asked the trial court to treat their motion as one for new trial. The trial court denied the ex parte application without prejudice and continued the hearing on appellants' motion to August 16, 2024.

On August 16, 2024, the trial court issued a tentative ruling on the reconsideration motion. Acknowledging that the judgment deprived it of jurisdiction to rule on a reconsideration motion, the trial court granted appellants' request to construe the motion as one for new trial. The trial court found that "granting summary judgment was an error of law" because "a jury could make a reasonable inference from the disputed facts that Decedent could have been prevented from overdosing or survived the overdose if she had been taken to the emergency room." The tentative ruling stated, "[t]he judgment of dismissal entered on April 9, 2024 is vacated."

After taking the matter under submission, the trial court issued its ruling on the motion on August 21, 2024. The trial court affirmed its tentative decision to treat the motion as one for new trial. However, noting that more than 75 days had passed since respondents served notice of entry of judgment,[3] the trial court found the new trial motion was denied by operation of law pursuant to section 660, subdivision (c) (section

_____

[3] Here, 75 days after service of entry of judgment would have been July 2, 2024.

4

660(c)).[4] That same day, both the trial court and respondents served appellants with the order.

On September 3, 2024, appellants filed their notice of appeal. In response to this court's request, the parties submitted briefing on the notice of appeal's timeliness. Respondents also filed a motion to dismiss the appeal on the ground that it was untimely, which we ordered to be considered concurrently with the appeal.

## III. DISCUSSION

### A. *Appellate Deadlines*

" '[T]he timely filing of a notice of appeal . . . is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882.) "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Court,[5] rule 8.104(b).)

Rule 8.104 governs the "[n]ormal time" time to file an appeal. (Rule 8.104(a).) It provides that a notice of appeal must be filed within 60 days after service of notice of entry of the judgment or 180 days after entry of the judgment, whichever is earlier. (Rule 8.104(a)(1).)

Pursuant to rule 8.108, the normal time to appeal may be extended, but not shortened, by the filing of certain motions. (Rule 8.108(a).) "If any party serves and files a valid motion to reconsider an appealable order under [section 1008(a)], the time to appeal from that order is extended for all

---

[4] As is relevant here, "the power of the court to rule on a motion for a new trial shall expire 75 days after . . . service on the moving party by any party of written notice of entry of judgment," and "[i]f the motion is not determined within the 75-day period . . . the effect shall be a denial of the motion without further order of the court." (§ 660(c).)

[5] All subsequent rule references are to the California Rules of Court.

5

parties until the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." (Rule 8.108(e).)

However, "[i]t is well settled that entry of judgment divests the trial court of authority to rule on a motion for reconsideration." (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc*. (2005) 134 Cal.App.4th 1477, 1482 (*Safeco*).) The judgment effectively denies the pending reconsideration motion by implication. (*Ramon v. Aerospace Corp*. (1996) 50 Cal.App.4th 1233, 1238.) " 'Moreover, if the trial court has no power to rule on a reconsideration motion after judgment, such a motion can have no effect on the period within which to file a notice of appeal.' " (*Safeco*, at p. 1482 [finding that "[t]he fact that the court proceeded to hear [a reconsideration motion after entry of judgment] and enter an order demonstrates only that none of the parties nor the trial court was aware that it lacked jurisdiction to hear the motions. It does not act to give plaintiff the benefit of the rule [8.108] extension."].)

Nonetheless, after judgment has been entered, a trial court may treat a pending reconsideration motion as a new trial motion. (*Sole Energy Co. v. Petrominerals Corp*. (2005) 128 Cal.App.4th 187, 192.) New trial motions also extend the time to appeal. When such a motion is denied, "the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (A) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment." (Rule 8.108(b)(1).)

6

## B.    *Appellants' Arguments*

Appellants argue that rule 8.108(b)(1)(A), the 30-day deadline from notice of denial of a new trial motion, applies in this case. They assert that the trial court construed their motion for reconsideration as a motion for new trial, and the August 21, 2024 order was the operative order denying that motion. Because their notice of appeal was filed less than 30 days later on September 3, 2024, appellants claim their notice of appeal was timely. Appellants assert the deadline in rule 8.108(b)(1)(B), based on the date a motion for new trial is denied by operation of law, would be unfair because the parties did not know the trial court was construing their motion as one for new trial until August 21, 2024, at which point the motion had already been denied by operation of law.

Appellants further contend the trial court vacated the judgment on August 16, 2024, so there was no judgment to appeal from until the August 21, 2024 order stating otherwise. They also assert their reconsideration motion was based on the trial court's inherent powers, which the trial court could have invoked when it ruled on the motion. Pointing to the continuance and redesignation of the motion, appellants claim the trial court and respondents agreed to extend the time to appeal, the trial court violated their due process, and respondents should be estopped from claiming the appeal is untimely. Finally, appellants argue the trial court's impacted calendar should not prejudice them, dismissing the appeal violates court policy, and we should recognize a "beyond the party's control" exception under the circumstances of this case.

## C.    *Analysis*

7

When respondents served notice of entry of the judgment on April 17, 2024, that triggered the 60-day deadline under rule 8.104(a)(1)(B). (*InSyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129, 1134–1135.) Sixty days from April 17, 2024, was June 16, 2024. Appellants' September 3, 2024 notice of appeal was therefore untimely under the normal time to file an appeal.

Three reasons render appellants unable to take advantage of the extension under rule 8.108(e), applying to reconsideration motions. First, that extension rule only applies to a "motion to reconsider an appealable order." (Rule 8.108(e).) Appellants' motion sought reconsideration of the trial court's order granting summary judgment, which is not an appealable order. (*Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 223.) Second, entry of the judgment on April 9, 2024, divested the trial court of jurisdiction to rule on the reconsideration motion, meaning that " 'motion can have no effect on the period within which to file a notice of appeal.' " (*Safeco*, *supra*, 134 Cal.App.4th at p. 1482.) Third, even if we treat the entry of judgment as impliedly denying the reconsideration motion (*Ramon v. Aerospace Corp.*, *supra*, 50 Cal.App.4th at p. 1238), appellants would have 30 days from notice of the judgment's entry on April 17, 2024, or until May 17, 2024, to file an appeal. (Rule 8.108(e)(1).) That outcome would shorten the normal 60-day time to appeal, which is not permitted. (Rule 8.108(1)(a).)

Nor does the extension for new trial motions under rule 8.108(b) make the appeal timely. That extension applies to the earliest of three dates: (1) September 20, 2024, which would be 30 days after service of the August 21, 2024 order construing the reconsideration motion as a new trial motion and denying it; (2) August 1, 2024, which would be 30 days after the motion

8

was denied by operation of law on July 2, 2024; or (3) October 7, 2024, which would be 180 days from the April 9, 2024 entry of judgment. The earliest of those three dates is the second option, August 1, 2024, which was more than a month before appellants filed their notice of appeal.

Based on the foregoing, appellants notice of appeal is untimely under the applicable rules.

We acknowledge that the trial court should have ruled on the motion for reconsideration before entering judgment. Nonetheless, appellants' arguments regarding fairness, policy, due process, and a "beyond the party's control" exception are unconvincing.

First, appellants' case law supporting their "beyond the party's control" exception does not address appeal deadlines,[6] and the authority contrary to their position is clear. " 'In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune.' " (*Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1454.)

Second, the situation was not beyond appellants' control. As noted above, "[i]t is well settled" that entry of the judgment nullified the reconsideration motion. (*Safeco, supra,* 134 Cal.App.4th at p. 1482.) It is also "equally established" that the reconsideration motion did not alter the time to appeal under these circumstances. (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 281–282.) Case law instructs that appellants "should have abandoned the now invalid motion for reconsideration [citation] and attacked the judgment in one of three ways: by a motion for a new trial; by a

_____

6        Appellants cite *Bennett v. Bennett Cement Contractor's, Inc.* (1981) 125 Cal.App.3d 673, addressing the five-year deadline to bring a matter to trial, and *In re Marriage of Liu* (1987) 197 Cal.App.3d 143, 151, regarding jurisdictional limits on a new trial motion.

9

motion to vacate; or by filing a timely notice of appeal." (*Ramon v. Aerospace Corp., supra*, 50 Cal.App.4th at p. 1238.) Practice guides are in accord. (See, e.g., Wegner et al., Cal. Practice Guide: Civil Trials & Evidence (The Rutter Group 2024) ¶ 18:469.5 et seq.)

Thus, even though the trial court may have created confusion when it entered judgment, appellants' options for postjudgment recourse were set out in established procedures. Once the judgment was entered, appellants should have followed those steps. Indeed, "the plaintiff is responsible for properly calculating the timing of the appeal." (*Safeco, supra,* 134 Cal.App.4th at p. 1483.)

Third, by the time the trial court continued the hearing on the reconsideration motion on July 11, 2024, it was already too late to appeal. As explained above, the normal time to appeal expired on June 16, 2024, and the reconsideration motion did not extend the appeal deadline. Further, both the time to file a new trial motion and the court's ability to rule on such a motion had already expired. A new trial motion had to be filed by May 2, 2024 (15 days from the April 17, 2024 notice of entry of judgment). (§ 659, subd. (a) ["The party intending to move for a new trial shall file with the clerk and serve upon each adverse party a notice of his or her intention to move for a new trial . . . . [¶] . . . [¶] (2) Within 15 days of the date of serving notice of entry of judgment by the clerk . . . or within 180 days after the entry of judgment, whichever is earliest"].) Further, the court lost jurisdiction to hear such a motion on July 2, 2024 (76th day after the April 17, 2024 notice of entry of judgment). (§ 660(c).) As such, although a trial court has the ability to treat a motion for reconsideration as one for new trial, any order doing so at the July 11, 2024 ex parte hearing, which was the first time appellants made that request, would have been void. (*Dodge v. Superior*

10

*Court* (2000) 77 Cal.App.4th 513, 518 [any order made after the 75-day period " 'purporting to rule on a motion for new trial is in excess of the court's jurisdiction and void' "].)[7]

Because all available avenues for relief had already lapsed, the trial court's continuance of the hearing and subsequent actions had no effect on appellants' ability to timely appeal. We also note appellants are incorrect when they argue the court redesignated their reconsideration without first giving appellants notice. Instead, the trial court agreed to treat appellants' motion for reconsideration as a motion for new trial in response to appellants' request. As it turned out, this was merely an ineffective attempt by the trial court to reach the merits of appellants' claims.

Regarding the assertion that the trial court vacated the judgment on August 16, 2024, we disagree. The trial court only indicated its intention to do so in a tentative order; it never actually vacated the judgment.

Appellants' reliance on the court's inherent reconsideration powers is also misplaced. The appeal deadline is only extended for a reconsideration

---

[7] Contrary to appellants' claim at oral argument, section 660(c), did not authorize the trial court to extend the 75-day new trial motion deadline, nor did the trial court's continuance of the reconsideration motion hearing operate as such an extension. Section 660(c) only authorizes an extension when the 75th day is a holiday (§§ 12a, 660(c)), which does not assist appellants here. Further, " '[i]t is the duty of the [moving] party to be present and see that his motion for a new trial is set for hearing within the statutory [time] period. If it has been inadvertently continued by the court to a date too late under the statute the party should move the court to advance the matter on the calendar. When [the party] is guilty of lack of diligence in the prosecution and presentation of his motion, he cannot complain of the court's inadvertence. And when counsel for both parties consent to a continuance without considering that the extension will be beyond the time the court can act on the motion, the effect is to deprive the court of the power to act. It effectively denies the motion without further order.' " (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 500.)

11

motion filed pursuant to section 1008(a). (Rule 8.108(e).) Further, like a section 1008(a) reconsideration motion, the trial court loses the ability to reconsider matters on its own motion once judgment is entered. (*Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 660.)

Finally, the claims that the trial court and respondents agreed to extend the appeal deadline and that respondent should be estopped from asserting timeliness lack merit. Again, a court cannot extend the time to appeal (rule 8.104), and "[t]he parties cannot create appellate jurisdiction by consent, waiver, or estoppel" (*Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 440–441).

In sum, the notice of appeal is untimely. We therefore dismiss the appeal.


## IV. DISPOSITION

The appeal is dismissed. Respondents are awarded costs on appeal.


RUBIN, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.


12