Filed 2/5/21  Prince v. Pletcher CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JESSICA PRINCE, Plaintiff and Respondent, v. MITCHELL PLETCHER, Defendant and Appellant. | B296328 (Los Angeles County Super. Ct. No. BC520646) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert L. Hess and Robert B. Broadbelt, Judges.  Dismissed.

No appearance for Plaintiff and Respondent.

Mitchell Pletcher, in pro. per., for Defendant and Appellant.

Defendant, cross-complainant, and appellant Mitchell Pletcher[1] appeals from a post-judgment order denying his motion to vacate a judgment under Code of Civil Procedure section 663.[2] Because Pletcher's notice of appeal was filed more than 180 days after Pletcher's timely motion to vacate was denied by operation of law, we dismiss the appeal as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

Jessica Prince sued Pletcher on September 9, 2013, for sexual harassment. Pletcher filed a cross-complaint against Prince on November 30, 2015, for interference with contract and economic relationships, and obtained an entry of default

---

[1] Pletcher represented himself before the trial court and continues to represent himself on appeal. Self-represented litigants are held to the same legal standards as parties represented by attorneys. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) "[M]ere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

on April 20, 2016.[3]  Prince's complaint was dismissed with prejudice on January 6, 2017.[4]  On December 11, 2017, Judge Robert L. Hess entered default judgment "in favor of cross-complainant Mitchell Pletcher and against cross-defendant Jessica Prince in the amount of Zero Dollars ($0.00)."  The clerk mailed a copy of the judgment to Pletcher on December 12, 2017.

On December 27, 2017, Pletcher filed a notice of motion to vacate the judgment under section 663, seeking to vacate the court's December 11, 2017 zero-dollar judgment and enter a new judgment for $13,686,052.  After a hearing on February 8, 2017, the court took the motion under submission.  The court did not issue a ruling on Pletcher's December 27, 2017 motion to vacate.

On May 11, 2018, the court issued an order of "reassignment pursuant to a recusal," and transferred the case to Judge Monica Bachner.  Pletcher filed a peremptory

---

[3] On June 18, 2020, Pletcher filed a request for judicial notice of filings and default judgments from four cases related to the current case.  Because the documents are not relevant to the issue of the timeliness of this appeal, Pletcher's request for judicial notice is denied.

[4] On our own motion, we take judicial notice of the dismissal order entered in Los Angeles Superior Court Case No. BC507823 on January 6, 2017.  (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)  Case No. BC507823 was the lead case for several related cases, including Case No. BC520646.

challenge and the case was reassigned to Judge Howard L. Halm.  On October 2, 2018, the court notified Pletcher that the case had been reassigned to Judge Robert B. Broadbelt.

On October 18, 2018, Pletcher filed a "Recalendared Motion to Vacate Judgment" requesting the same relief as his original motion to vacate.  At a hearing on December 20, 2018, Judge Broadbelt took Pletcher's recalendared motion under submission.  On February 26, 2019, the court issued an order denying Pletcher's recalendared motion to vacate.  On March 13, 2019, Pletcher filed a notice of appeal, appealing from the February 26, 2019 post-judgment order.  Prince has not filed a brief on appeal.

## DISCUSSION

Despite the lengthy procedural history of this case in the trial court, the issue is whether the Pletcher's March 13, 2019 notice of appeal was timely.  We conclude that it was not.

"'[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670.)  'In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations].' (*Estate of Hanley* (1943) 23 Cal.2d 120, 123; see Cal. Rules of Court, rule 8.60(d).)  [¶]

4

'Except as provided in [California Rules of Court,] rule 8.66, no court may extend the time to file a notice of appeal.  If a notice of appeal is filed late, the reviewing court must dismiss the appeal.'  (Cal. Rules of Court, rule 8.104(b).)" (*Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289, 294.)

*Time to Appeal Judgment*

Recognizing that Pletcher is appealing from a post-judgment order, not the judgment entered on December 11, 2017, we still consider it necessary to explain why any appeal from the judgment itself was untimely.  Unless a statute or court rule[5] provides otherwise, a notice of appeal must be filed on or before the earliest of:  "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of

---

[5] "Rules of Court have the force of law and are as binding as procedural statutes as long as they are not inconsistent with statutory or constitutional law."  (*R.R. v. Superior Court* (2009) 180 Cal.App.4th 185, 205.)

service; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a)(1).)[6]

Filing and service of certain post-judgment motions may extend the time to appeal. (Rule 8.108.) If a party serves and files a valid motion to vacate the judgment within the normal time to appeal from the judgment, the time to appeal is extended until the earliest of (1) 30 days after the court clerk mails, or a party serves, the order denying the motion to vacate or a notice of entry thereof, (2) 90 days after the first notice of intention to move—or motion—is filed, or (3) 180 days after the entry of judgment. (Rule 8.108(c); *Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1108 (*Starpoint*).)

A. <u>December 27, 2017 motion to vacate</u>

It is undisputed that Pletcher filed a timely motion to vacate on December 27, 2017. No order denying the motion was served, so under rule 8.108(c), Pletcher had the earlier of 90 days after filing his motion (March 27, 2018) or 180 days after entry of judgment to file an appeal from the judgment. However, rule 8.108 can only extend the time to appeal from a judgment, not shorten it; if a longer time frame is available under rule 8.104(a)(1) than under rule 8.108, then the longer time frame under rule 8.104(a)(1) governs. (See *Matera v. McLeod* (2006) 145 Cal.App.4th 44,

---

[6] All further rule references are to the California Rules of Court.

57 [applying former version of rule 8.108 to motion to vacate under 473, subdivision (b)].) Therefore, the deadline for a timely appeal of the judgment would be 180 days after December 27, 2017, or June 11, 2018. (§ 12a [extending deadlines falling on a holiday or weekend to the following weekday]; rule 8.104(a)(1)(C) [180 days].)

### B. October 18, 2018 recalendared motion to vacate

Pletcher's recalendared motion to vacate, filed October 18, 2018, did not further extend the deadline to appeal the judgment. If a party files several consecutive motions, only those motions that are timely filed will extend a party's time to appeal. (*Starpoint*, *supra*, 201 Cal.App.4th at p. 1108, citing *Meier v. Heckel* (1960) 183 Cal.App.2d 329, 331.) The appellants in *Starpoint* filed an initial, timely motion to vacate, but later filed a second motion, withdrawing and superseding the first. The appellate court reasoned that because the second motion was filed four days after the deadline to appeal had passed, it was not a validly filed motion and did not effectively extend the deadline to appeal. (*Starpoint*, *supra*, 201 Cal.App.4th at pp. 1108–1109.) Under section 663a, subdivision (a)(2), a party may file a motion to vacate up to 180 days after entry of judgment, when there has been no notice of entry of judgment. (§§ 12a

7

[extending deadlines falling on a holiday or weekend to the following weekday], 663a, subd. (a)(2) [180–day time limit].)[7]

Pletcher's October 18, 2018 recalendared motion to vacate was filed 311 days after the December 11, 2017 entry of judgment, well past the outside limit of 180 days provided in section 663a, subdivision (a)(2), and therefore untimely. As explained in *Starpoint, supra*, 201 Cal.App.4th at pages 1108–1109, an untimely motion to vacate cannot extend the time to appeal from the judgment. To the extent Pletcher seeks to appeal the judgment, his appeal is untimely.

*Time to Appeal Post-judgment Orders*

An order denying a motion to vacate judgment is separately appealable as a post-judgment order. (§ 904.1, subd. (a)(2); *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127.) When an order is appealable, it is subject to the same time limitations governing an appeal from a judgment. (Rule 8.104(e).)

Pletcher argues the 180-day clock for a timely appeal started running from the trial court's February 26, 2019 order denying his October 18, 2018 recalendared motion to vacate. We disagree, and instead conclude that the 180-day clock started on February 26, 2018, when Pletcher's timely December 27, 2017 motion to vacate was denied by operation of law.

---

[7] Earlier deadlines apply if a party has been served with notice of entry of judgment. (§ 663a, subd. (a)(2).)

8

A.  December 27, 2018 motion to vacate denied by operation of law

If a validly filed motion to vacate is not ruled upon by the court within the statutory time frame, it is denied by operation of law, and the trial court's authority to rule on the motion expires.  (*Garibotti v. Hinkle* (2015) 243 Cal.App.4th 470, 476–480.)  Before statutory amendments took effect on January 1, 2019, the trial court had 60 days to determine a motion to vacate.[8]  (Former § 663a, subd. (b); Stats. 2014, ch. 93, § 3.)

The trial court's authority to rule on Pletcher's December 27, 2017 motion to vacate expired 60 days later, on February 26, 2018, resulting in a denial by operation of law.  (§ 12a; Former § 663a, subd. (b); Stats. 2014, ch. 93, § 3.)  Because there was no notice of entry of order, Pletcher had 180 days to file an appeal from the denial of his motion by operation of law, until August 27, 2018.  (§ 12a; rule

_____

[8] Effective January 1, 2019, the statutory window was expanded to 75 days.  (Stats. 2018, ch. 317, § 2.)  Under the relevant former statutory language "the power of the court to rule on a motion to set aside and vacate a judgment shall expire . . . 60 days after filing of the first notice of intention to move to set aside and vacate the judgment.  If that motion is not determined within the 60-day period, or within that period, as extended, the effect shall be a denial of the motion without further order of the court."  (Former § 663a, subd. (b); Stats. 2014, ch. 93, § 3.)

8.104(a)(1)(C).)  His notice of appeal, filed more than six months later on March 13, 2019, was untimely.

Pletcher argues that while his December 27, 2017 motion may have been denied by operation of law, the deadline to appeal was not triggered because there was never any entry of order or notice of entry of order.  We are not persuaded.  The plain language of rule 8.104(a)(1)(C) contains no reference to a requirement of notice to trigger commencement of the period to appeal, in contrast to the express notice requirements in subdivisions (a)(1)(A) and (a)(1)(B).  The logical conclusion of Pletcher's proposed interpretation would be that whenever a post-judgment order lacked a notice of entry of order, a party would have an unlimited time to appeal such an order.

## B.  October 18, 2018 motion to vacate was invalid

Pletcher argues that his March 13, 2019 notice of appeal timely appealed Judge Broadbelt's February 26, 2019 order denying his October 18, 2018 recalendared motion to vacate the judgment.  No appeal lies, because the recalendared motion was untimely.

The procedural requirements for a valid motion to vacate are set forth in sections 663 and 663a.  A party intending to make such a motion must file and serve a notice of intention to move to vacate, designating the grounds, within the statutory time limits.  (§ 663a, subd. (a).)  As discussed earlier, the outside deadline for filing a motion to

10

vacate judgment is 180 days after entry of judgment. (§ 663a, subd. (a)(2); see also *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2020) 50 Cal.App.5th 1009, 1013, fn. 6 [trial court lacks jurisdiction to rule on untimely section 663 motion to vacate]; *Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 702 (*Townsend*) ["time period to file a motion to vacate is jurisdictional"].)  The time period to file a motion to vacate is jurisdictional and cannot be extended due to mistake, inadvertence, surprise, or excusable neglect.  (*Townsend*, *supra*, at p. 702; *Advanced Building Maintenance v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1392–1395.)

Because the trial court entered judgment on December 11, 2017, any motion to vacate filed after June 11, 2018 was untimely.  Pletcher's October 18, 2018 recalendared motion to vacate was untimely and invalid, and the trial court lacked jurisdiction to rule on the recalendared motion. (*Townsend*, *supra*, 231 Cal.App.4th at pp. 702, 705–706.)

Even if we were to assume that the recalendared motion was somehow timely and valid—which we do not— that motion was denied by operation of law 60 days after filing, on December 17, 2018, and the trial court lacked authority to rule on the motion after that date.  (*Garibotti*, *supra*, 243 Cal.App.4th at pp. 477–480.)  Pletcher provides no authority for his position that the court's February 26, 2019 order somehow resets the clock, allowing him to appeal what would otherwise be a void order.  (See, e.g., *Maroney v Iacobsohn* (2015) 237 Cal.App.4th 473, 485–486 [after a

11

motion for new trial is denied by operation of law, neither trial court nor appellate court can revive the motion]; *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583 [once a judgment or appealable order has been entered, the time to appeal cannot be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision].)

In sum, Pletcher's appeal is untimely, regardless of whether we measure the timeliness of his appeal from the judgment, or from the denial by operation of law of his December 27, 2017 motion to vacate. Accordingly, we dismiss Pletcher's untimely appeal.

## DISPOSITION

The appeal is dismissed. Because respondent Jessica Prince did not file a brief or otherwise make an appearance, no costs are awarded on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


MOOR, J.

We concur:


RUBIN, P. J.          BAKER, J.


12